BLUM et al. v. MUNZESHEIMER.

(Supreme Court, General Term, First Department. December 16, 1892.)

TRIAL—INSTRUCTIONS ON EVIDENCE.

> In an action for goods sold and delivered, the sole issue was whether the person who bought the goods did so for himself, or as agent for defendant. The goods were bought to be sold again, and the defendant introduced in evidence, over plaintiffs' objection, contracts between the alleged agent personally and third persons for the sale of these goods. The judge adverted to the fact that the alleged agent was a party to these contracts as a "very strong circumstance" to show that the contracts were his, and not defendant's. *Held* that, although there was no exception to the charge, the admission of the evidence, coupled with the remark of the judge, constituted reversible error. Van Brunt, P. J., dissenting.

Appeal from circuit court, New York county.

Action by Leon Blum, Hyam Blum, and Sylvain Blum, comprising the firm of Leon & H. Blum, against Herman Munzesheimer for goods sold and delivered. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Nathan Bijur, for appellants.

Blumenstiel & Hirsch, for respondent.

BARRETT, J. The sole question here is whether one Zuckerman was the defendant's agent in purchasing the goods for the price of which the action was brought. There is no question as to the amount due, nor as to the assignment to the plaintiffs. None was made at the close of the trial, and the learned judge, in his charge, distinctly told the jury that if the agency was made out their verdict should be for the plaintiffs for the specific sum claimed in the complaint; otherwise, for the defendant. Consequently, exceptions taken at stages of the trial when proof of the claim was being put in need not be considered. There was no direct proof of the agency, and the plaintiffs relied upon admissions thereof which several witnesses testified had been made to them by the defendant. These admissions were denied, and the question of veracity was submitted to the jury, who found for the defendant. We are asked to set this verdict aside, as against the weight of evidence, but after examining the entire record we see no reason for disturbing the decision of the jury.

The appellants also present questions of law. The principal point is as to the rejection of testimony. They examined the defendant's brother, Max Munzesheimer, and sought to prove Zuckerman's agency by him. Max Munzesheimer was a salesman in the employ of the plaintiffs' assignors. He was examined by commission, and in his testimony thus taken he professed ignorance as to the agency sought to be established. The plaintiffs then issued a second commission, and endeavored to induce the witness to reconsider his former testimony. It seems that prior to the commencement of this action the witness had made an affi-

davit which was in the possession of the plaintiffs' attorney. This affidavit does not appear in the case, but we may assume from the tenor of the inquiry that it either contradicted the witness, or indicated knowledge upon points with regard to which he expressed ignorance in his testimony. The plaintiffs' counsel, upon the execution of the second commission, called the witness' attention to this affidavit, and asked him to refresh his memory therewith, and explain any difference between the statements therein made and his answers given upon the execution of the first commission. This was objected to, and the objection was sustained. So far as the inquiry had for its object the impeachment of the witness, the objection was well taken. There was here no surprise. The counsel knew what had been testified to upon the first commission when he read the witness' deposition therefrom. If that testimony was put in solely for the purpose of subsequent impeachment, it is quite clear that the rulings with regard to the affidavit were correct. Proof of prior contradictory statements by an adverse witness is one of the cases in which impeachment is prohibited. Becker v. Koch, 104 N. Y. 394, 10 N. E. Rep. 701. It is true that where a party is taken by surprise, by unexpected testimony, he may be permitted to interrogate the witness in respect to his own previous declarations inconsistent with his evidence. Bullard v. Pearsall, 53 N. Y. 230. This, as was held in the latter case, is "for the purpose of probing his recollection, and, by showing the witness that he is mistaken, inducing him to correct his evidence, or, by recalling to his mind the statements previously made, drawing out an explanation of his apparent inconsistency, and also for the purpose of showing the circumstances which induced the party to call him." Here, however, the plaintiffs were not taken by surprise upon the trial. If they were surprised upon the execution of the first commission, they were not bound to introduce the adverse testimony thereby elicited. Having done so, they certainly could not introduce the prior affidavit of the witness upon any plea of surprise.

It is contended, however, that the questions propounded to the witness upon the second commission were not for the purpose of impeachment, but to refresh his memory and to elicit the truth. In the earlier questions put to the witness upon the execution of the second commission, he was not asked to examine the affidavit, and then to state whether he adhered to his original testimony, or whether, after refreshing his memory, he had any explanation to give of such original testimony. It seems that two pages of the affidavit were actually embodied in the question first propounded to the witness, and he was asked to note particularly the statements thus read to him, to refresh his memory therefrom, and to explain any difference there might be between these statements and certain answers (also embodied in the question) given by him on the former commission. Thus, if counsel had been permitted to read these pages of the affidavit as part of the interrogatory, the witness' contradictory statements would have been placed before the jury under pretense of seeking an explanation of their difference. A specific objection was interposed to the reading of the affidavit

before the jury for the purpose of contradicting the witness, and that objection was not met by an offer to omit the reading, nor even by a suggestion that the purpose was not to contradict the witness. The plaintiffs' counsel contented himself with reading the remainder of the question, and excepting to the same ruling thereupon as had already been made with regard to the reading of the affidavit. This, however, was followed by an interrogatory which, after reciting that the object of the commission was to explain the difference between the affidavit and the former answers, requested the witness "to make such explanation as full and detailed as possible, with a view of eliciting correct answers, and thus establishing the truth, and to state in what respect, if any, you were mistaken in your answers on the former commission, and, if possible, why you were mistaken." This question was also objected to, and the objection was sustained, to which ruling the plaintiffs excepted. This latter interrogatory was not objectionable, and we think the plaintiffs were entitled to read the answer thereto. The affidavit referred to was not embodied in the interrogatory, nor did the question suggest impeachment. The substance of it was a request that the witness examine the affidavit annexed to the commission, and, having thereby refreshed his memory, say whether he was mistaken in his former testimony, and, if so, in what respect. He was simply called upon, after reading his affidavit, to give correct answers and to tell the truth. This did not necessarily involve impeachment. There were several important facts as to which in his previous testimony he had merely expressed a want of knowledge. He might well have testified, in answer to the interrogatory under consideration, that after examining the affidavit he then remembered facts which he had forgotten when previously examined. So far as this interrogatory is concerned, the plaintiffs pursued a proper course. They were bound to read the testimony adduced upon the first commission, as it was a necessary foundation to the interrogatory thus propounded. That interrogatory did not seek to discredit the witness. It rather invoked candor and honesty. The witness, in answer to the interrogatory, might well have said that after reading his affidavit he remembered certain facts, which he had previously forgotten, tending to show Zuckerman's agency. Such facts would have been proper for the consideration of the jury, and the witness' present recollection of them would not necessarily have reflected upon his previous forgetfulness.

There are other exceptions which would also have necessitated a new trial. The goods in question were purchased to enable the vendee—whether he was Zuckerman or the defendant—to fulfill certain outside contracts with strangers to the action. We think the defendant should not have been permitted to introduce these contracts for the purpose of showing that Zuckerman was the contractor named therein, nor should the learned court have adverted to that fact as a "very strong circumstance" tending to show that the contracts were Zuckerman's, and not the defendant's. When the latter observation was made, the plaintiffs' counsel suggested, in substance, that these contracts were foreign to the controversy; to which the learned judge responded: "I understand

that. They are the contracts which Zuckerman made, upon which he got these supplies and materials, and for which you now seek to render the defendant liable." The practical effect of these observations was to put it to the jury that, as Zuckerman was the apparent principal in the outside contracts, he probably purchased the goods in question as principal also; that is, to enable him to fulfill such outside contracts. The judgment and order denying the motion for a new trial should therefore be reversed, and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J. I dissent. The question assumed that there were differences between the affidavit and the answers of the witness, and as the affidavit is not, and could not be, before the court, there was no ground for the assumption, and the question was properly excluded. As to the charge, there is no exception raising the question as to the correctness of the charge, and no attempt was made to call the judge's attention to what is now claimed to have been error.

O'BRIEN, J., (concurring specially.) I think it was error to admit the contracts between Zuckerman and the Missouri Railroad Company in evidence over plaintiffs' objection and exception. The injury thus done was accentuated in the charge, wherein these contracts were referred to as a circumstance militating against plaintiffs' claim. Although no exception was taken to this part of the charge, the exception to their original introduction was good, and should be sustained. Upon this ground I concur in the result reached by Mr. Justice BARRETT.