## GOODFIELD REALTY CO. v. WORMSER.

(Supreme Court, Appellate Term. November 11, 1910.)

1. LANDLORD AND TENANT (§ 88*)—LEASE—RENEWAL.

Where it was agreed between a landlord and tenant that a lease should be renewed according to "the same terms as the year before," such agreement constituted an oral letting in præsenti, though it was also agreed that a written lease should be sent to the tenant to be signed, and he subsequently refused to sign a lease in accordance with the parol agreement because of an alleged failure of the landlord to have certain undesirable tenants previously removed.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 279; Dec. Dig. § 88.*]

2. EVIDENCE (§ 271*)—RES GESTÆ—SELF-SERVING DECLARATION.

Where plaintiff and defendant orally agreed on the renewal of a lease in June, a tenant's letter, written in July, declining to execute a written lease according to such oral agreement, because of plaintiff's alleged violation either of some term thereof or of the collateral agreement as to the eviction of certain other tenants, was not res gestæ, but a mere self-serving declaration, and inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068, 1069, 1074, 1075, 1084, 1097; Dec. Dig. § 271.*]

3. LANDLORD AND TENANT (§ 110*)—LEASE—BREACH—EXECUTION OF NEW LEASE—AGENCY OF LANDLORD.

In an action by a landlord for breach of a lease, the fact that, after defendant's abandonment of the premises, plaintiff relet them to another, without expressing in the new lease that he acted as defendant's agent, did not establish that plaintiff did not regard defendant as the tenant; the execution of a paper in the party's own name not being material evidence that he was not acting as agent of another in the transaction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 367; Dec. Dig. § 110.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Goodfield Realty Company against Sigmund G. Wormser to recover for rent of an apartment for certain months subsequent to October 1, 1909. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Paskus, Cohen & Gordon, for appellant.

Ernst, Lowenstein & Cane (Melville H. Cane, of counsel), for respondent.

---

BIJUR, J. The sole issue in this action was whether in June, 1909, the defendant had renewed for a term of one year from October 1, 1909, his then existing lease. Defendant contends, in substance, that his interview resulted merely in an offer to renew the lease in future, and that the terms of the renewal were not completely agreed upon. As evidence in support of this interpretation of the transaction, he points to the fact that, after the conversation at which the renewal is alleged to have been made, plaintiff sent defendant a written lease to be signed, and he excepts to the exclusion by the trial court of his letter in reply, in which he declined to sign the lease, because of the alleged failure on plaintiff's part to have had certain undesirable tenants previously removed.

I find, however, that the trial court was fully justified in holding, on the evidence, that the conversation in June amounted to a renewal of the lease in præsenti. The terms of the renewal were fully understood. Defendant himself, in reply to an appropriate question, says, "The same terms as the year before." Thus this case is clearly distinguishable from that of Arnold v. Rothschild, 37 App. Div. 564, 56 N. Y. Supp. 161, where the terms of the lease were left unsettled. Moreover, it differs equally from Sherry v. Proal, 131 App. Div. 774, 116 N. Y. Supp. 234, since in that case, apart from other circumstances indicating the absence of an agreement in præsenti, the defendant, during the conversation, significantly said, "well, give me a one year's lease—send me down the lease," indicating that the oral agreement then arrived at should subsequently be embodied in a formal written lease. On the other hand, the mere fact that plaintiff here subsequently sent a formal lease for defendant's execution does not impair the character of the previous conversation as a complete understanding; for, as the Court says in the Arnold Case, supra, at page 569 of 37 App. Div., page 161 of 56 N. Y. Supp., an oral contract, in præsenti, may be enforced, although there may be a stipulation of the understanding that a more formal contract shall be executed.

In view of the trial court's determination that the lease was closed and completed in June, plaintiff's letter of July was properly excluded. At the best, it amounted to no more than his statement that he declined to execute a formal lease, because plaintiff had violated what was either some term of the lease or some collateral agreement as to the eviction of certain tenants; but, as I have intimated, it was not part of the res gestæ, but a mere self-serving declaration.

Finally, defendant insists that the fact that, after his abandonment of the premises, plaintiff relet them to some one else, without expressing in the new lease that it acted as his agent, is determinative to the effect that plaintiff did not regard him as tenant. But the execution by a party of a paper in his own name is in no way material evidence that he has not, in the transaction, acted as the agent of another. Blum v. Munzesheimer, 66 Hun, 633, 21 N. Y. Supp. 498[1].

[1] Reported in full in the New York Supplement; reported as a memorandum decision, without opinion, in 66 Hun, 633.

As there has been a technical error in calculating the amount of the judgment, as is conceded by both sides, it will be modified, by deducting $105, $100 thereof being the amount of rent received by plaintiff for account of defendant, and $5 corresponding costs; and, as so modified, the judgment is affirmed, with costs.   All concur.