FRIEDLANDER et al. v. CITRON et al.

(Supreme Court, Appellate Term. May 18, 1911.)

LANDLORD AND TENANT (§ 109*)—LEASES—SURRENDER.

A lease upon the fifth floor of certain premises provided that, in case of nonpayment of rent, the landlords might enter and relet the premises as agents of the lessees, holding them liable for any deficiency. Before the expiration of the lease there was a dispute, and the lessees refused to pay further rent. The lessors entered and relet the fifth floor, together with the fourth floor, at a gross rental, in which there was no apportionment of the amount applicable to the two floors. This lease was made in the lessors' own names, and was for a longer period than the former lease. *Held*, that the lessors had accepted the surrender of the premises, and the lessees were discharged.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 109.*]

Appeal from City Court of New York, Trial Term.

Action by Marie Friedlander and another, as executors of Albert Friedlander, deceased, against Nathan Citron and another, copartners

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as Citron Bros. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

See, also, 141 App. Div. 929, 126 N. Y. Supp. 1129.

Argued before SEABURY, GUY, and BIJUR, JJ.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for appellants.

Edmond E. Wise (Clifford H. Owen, of counsel), for respondents.

BIJUR, J. Plaintiffs, landlords, had leased the fifth floor of certain premises to defendants for the term of three years, at a yearly rental of $4,000, from February 1, 1908, to February 1, 1911. The lease contains a covenant that, in the case of nonpayment of the rent, the landlord might enter the premises and relet as agents of the lessees, holding the lessees for any deficiency. In October, 1910, a dispute arose as a result of a fire on the premises, and defendants refused to pay further rent. Immediately thereupon plaintiffs relet the premises for a term from February 1, 1911, to February 1, 1913. The new lease does not recite that plaintiffs were acting as agents of defendants. It covers the fifth *and fourth* floors of the building at a yearly rental of *$8,500*. The new tenants further agreed, under the new lease, to pay $750 rent for the fifth floor for the period intervening before February 1, 1911, and a contingent amount for the fourth floor. This action is brought to recover the rent for November and December, 1910, and January, 1911, under the old lease.

I do not find any of the points raised by the appellants on this appeal to have been well taken. It is, however, apparent that the leasing by plaintiffs, in their own name, for a period extending one year beyond the term of defendants' lease, of the premises covered by that lease plus an entire floor below, controlled by the plaintiffs solely, at a gross rental, in which there is no apportionment of the amount applicable to the two floors severally, is conclusive evidence that the new lease was not made by the plaintiffs as agents for the defendants, and that it constituted an acceptance of the surrender of the old lease, tendered by the defendants when they declined to pay further rent.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.