THE 590 WEST ONE HUNDRED AND EIGHTY-SEVENTH STREET CORPORATION, Plaintiff, *v.* MURIEL MINK and Others, Defendants.

THE 590 WEST ONE HUNDRED AND EIGHTY-SEVENTH STREET CORPORATION, Plaintiff, *v.* MURIEL MINK and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Seventh District, June 6, 1930.

*Herbert Kaufman*, for the plaintiff.

*A. Loeb Salkin* [*Henry A. Spiegelman* of counsel], for the defendant Samuel Fleigler.

*Harold H. Fallick*, for the defendant Harry G. Pearlman.

LAUER, J.   Two actions are brought by the plaintiff as landlord under a written lease, seeking to hold liable for the rent the original lessee, the defendant Harry G. Pearlman, as well as the subsequent assignees by separate successive assignments, Samuel Fleigler and Muriel Mink.

The first action is brought to recover rent for the month of December, 1929, and the second action to recover rent for the months of January and February, 1930.   The term of the lease covered a period from December 1, 1927, to November 30, 1932.

The original lessee remained in possession until January 10, 1928, at which time he assigned the lease to the defendant Samuel Fleigler

by a written instrument executed by the landlord, by the original tenant Pearlman and by the assignee, Fleigler. This assignment provided that the assignee "hereby agrees to assume and faithfully perform all the terms, covenants and conditions as set forth in said lease, to take effect as of the date of this assignment; agrees to pay all the rent provided in said lease, and further agrees to use and occupy the premises as provided for in said lease, and not otherwise."

The assignment also contains the following clause: "The tenant named in said lease, who also signs this agreement, agrees that he is to remain liable for the faithful performance of all the covenants and conditions in the above described lease, in the event that the assignee shall default in the performance of them, or in the payment of the rent."

The assignee therein named, the defendant Fleigler, remained in possession until some day in August, 1928, when, under a similar instrument as that just described, Fleigler assigned to the defendant Murial Mink, in which assignment the landlord joined. This assignment agreement was identical in form with the assignment agreement just described between Pearlman and Fleigler and contained clauses in the identical language.

The defendant Muriel Mink remained in possession until December 10, 1929, when she abandoned the premises. The landlord thereupon resumed possession, and on March 31, 1930, the landlord relet the premises to another party, the lease being made in the landlord's own name. The defendant Mink is in default. Liability is contested by the defendants Pearlman and Fleigler.

It is claimed by Fleigler that after the assignment his position was merely that of a surety and not that of an original obligor. The case of *Seventy-eighth Street & Broadway Co.* v. *Pursell Mfg. Co.* (92 Misc. 178) is cited as authority. There is no justification for this citation in support of the proposition urged because the decision in that case is based upon the fact that there was no assumption of the covenants by the assignee. The case, therefore, is inapplicable to the present situation.

In the present case both Pearlman and Fleigler remained liable for the obligations and covenants of the lease despite the assignments which occurred. There was privity of contract between the plaintiff and all the defendants.

There is no force in the contention that because a new lease was made in the landlord's name, therefore, there was an acceptance by the landlord of the surrender by Mink. (*Goodfield Realty Co.* v. *Wormser*, 125 N. Y. Supp. 521.)

The tenant further relies upon the well-known case of *Hermitage*

*Company* v. *Levine* (248 N. Y. 333) that an action for damages for the breach of a lease after the relationship of landlord and tenant was terminated is premature if it is brought before the expiration of the term. In the present case the lease had not been terminated. It still continued to exist, at least until the reletting of the premises. It is true the premises had been abandoned by the assignee of the lease and the landlord had resumed possession upon the abandonment of the premises. I do not think that this in any wise breaks the lease or prevents a recovery by the landlord from any of the parties to the action, all of whom have obligated themselves to pay the rent and faithfully to perform the covenants and conditions in the lease.

So far as the action for the December rent is concerned, there can be no question of the liability of the defendants because that rent was due on December first, according to the terms of the lease, prior to the time when the defendant Mink removed from the premises.

Entertaining the views herein expressed, I fail to find that either the defendant Fleigler or the defendant Pearlman has any defense to the action to recover the rent due for January and February, 1930. The rent for both of these months was due according to the terms of the lease.

The defendant Pearlman urges that Mink to whom the security of $220 deposit under the lease was assigned would have had a good offset of this $220 against the rent due for January and February, and that accordingly the liability of Pearlman should be decreased to that extent. The security was deposited for the faithful performance by the tenant of the conditions and covenants of the lease. It cannot be said to be applicable to the payment of any of the rent involved in the present actions because the term of the lease had not expired prior to the time when the rent covered by the actions matured. Besides, if the term of the lease had expired, by virtue of the terms of the lease there would still remain a liability for any deficiency in the rent, for which the deposit, under the terms of the lease, remained as security. An action to recover the security could not be brought until after the expiration of the term stated in the lease. (*Markman* v. *451–455 Grant Street Corporation*, 68 N. Y. Supp. 522.)

It follows that judgment should be for the plaintiff in both actions.