J. HENRY McGRATH ET AL. *vs.* HAROLD SHALETT.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued February 4th—decided March 29th, 1932.

*Perry Graicerstein,* for the appellant (defendant).

*William B. Fitzgerald,* with whom was *Thomas F. McGrath,* for the appellees (plaintiffs).

JENNINGS, J. On November 1st, 1926, the plaintiffs executed a written lease for five years of their store at No. 237 South Main Street in Waterbury to the defendant at a monthly rental of $150. On August 15th, 1930, the defendant notified the plaintiffs that he would vacate the premises at the end of that month. The plaintiffs notified the defendant that strict compliance with the terms of the lease would be insisted on. On August 31st, 1930, the defendant vacated the store and entered into occupation of another nearby. At that time he owed $200 rent, for which amount he has made an offer of judgment. During November, 1930, the plaintiffs permitted a charitable organization to occupy this store for one day gratuitously. During the latter part of October, the plaintiffs allowed third persons to so alter the store at 237 South Main Street that it could be rented with the adjoining store at 8 Union Street to a common tenant. A substantial opening was made in the wall for this purpose.

On November 17th, 1930, the plaintiffs executed a written lease of the two stores to Central Stores, Incorporated, for the period of one year from December 1st, 1930, for the annual rental of $2100, payable $175 monthly, with an extension privilege for another year for a rental of $200 monthly. Central Stores, Incorpo-

rated, actually occupied the store in question from October, 1930, to the time of trial. Its lease contained the usual covenant that the lessors had good right to lease the premises which were described as "two stores known and numbered as number 237 South Main Street and number 8 Union Street." The plaintiffs made an allowance of $115 per month to the defendant on account of the rent received under this lease. This was a reasonable credit for the rental of the store at 237 South Main Street. The plaintiffs never notified the defendant that they were permitting others to occupy the store or that they were reletting the same or that alterations were being made and the defendant never consented to any such acts on the part of the plaintiffs.

This statement of fact embodies certain simplifications in the actual situation, made possible by admissions in argument. The correction in the finding claimed in the first assignment of error is allowed, but in view of the admission that the amount allocated from the gross rental to the defendant's store is reasonable, this becomes unimportant. The third assignment of error is not well taken. The remaining assignments of error deal with the question whether there was an acceptance of a surrender of the leased premises or of the lease by the plaintiffs either in fact or by operation of law.

While the case of *Miller* v. *Benton*, 55 Conn. 529, 13 Atl. 678, was brought under a statute, the rights of a lessor where a lessee abandons the property and attempts to surrender his lease were fully argued in the briefs and discussed in the opinion. There, as here, there was an unequivocal abandonment by the lessee and an equally emphatic insistence on his rights by the lessor. The lessor took possession, made repairs and leased to others for such terms as seemed to

him most advantageous. Some of these leases were for a shorter term than that contained in the defendant's lease, some for a term which extended beyond its expiration (page 534). Under these circumstances the court held (page 546): "In any case of the abandonment of leased premises by a tenant, especially with a declaration that he will never occupy again, the landlord must have the right to take possession for the purpose of caring for the property and of leasing it to others, and is not to be prejudiced by doing so. The rescinding the contract is wholly a matter of intent on his part, and that intent will not be inferred from his merely taking possession, especially when it is found that he did so with no intent to relinquish his rights under the lease, even though he might conceive his right to be only to damages."

Such is not the rule in all jurisdictions. In some States, a reletting terminates the lease as a matter of law. A second line of authorities holds that this result follows unless there is notice to the tenant of the landlord's refusal to accept the surrender and of his intention to relet. The third school does not set up any arbitrary standard but holds the question of acceptance to be one of intention and a question of fact.

Connecticut adheres to the third school, and the case of *Miller* v. *Benton, supra,* is frequently cited in other jurisdictions. As indicated above, the authorities are not in accord and support can be found for any one of the rules referred to. The great weight of authority, however, is in accord with the Connecticut rule. *In re Mullings Clothing Co.,* 151 C. C. A. 134, 238 Fed. 58, L. R. A. 1918A, 539; *United Cigar Stores* v. *Friend,* 247 Ill. App. 359, 367; *590 West 187th St. Corporation* v. *Mink,* 137 Misc. 372, 243 N. Y. Supp. 522, 525; *Karns* v. *Vester Motor Co.,* 161

Tenn. 331, 30 S. W. (2d) 245; *Borchers Bros. Co.* v. *Ciaparro,* 287 Pac. (Cal.) 113; *Bernstein* v. *Bauman,* 170 La. 378, 127 So. 874; *Weinsklar Realty Co.* v. *Dooley,* 200 Wis. 412, 228 N. W. 515; *Goodfield Realty Co.* v. *Wormser,* 125 N. Y. Supp. 521, 522. The cases will be found collected in 13 L. R. A. (N. S.) 398, note; 3 A. L. R. 1080, note; 52 A. L. R. 154, note; and 61 A. L. R. 773, note; 16 R. C. L. 971; 35 C. J. 1093.

Our rule is the rule of common sense. The lessee has, without cause, abandoned the property. All are agreed that the lessor may let the property lie idle and collect the balance of the rent due under the lease. *Boardman Realty Co.* v. *Carlin,* 82 Conn. 413, 416, 74 Atl. 682; *White* v. *Miller,* 111 Conn. 53, 58, 149 Atl. 237. He should not be penalized for attempting to minimize the damages nor for attempting to keep his property from deteriorating.

The trial court has found that there was no acceptance of surrender in fact. This conclusion is fully sustained by the notice to the defendant that the plaintiffs would insist on their rights coupled with the immediate institution of suit. *Weinsklar Realty Co.* v. *Dooley, supra.* While the facts upon which this appeal is based are evidence of an acceptance of surrender, none of them are of such a conclusive character, when considered in connection with all the surrounding circumstances, as to require a finding of acceptance as a matter of law.

There is no error.

In this opinion HAINES, BANKS and AVERY, Js., concurred.

MALTBIE, C. J. (dissenting). With so much of the majority opinion as holds that the question whether

a landlord has accepted a surrender of the leased premises is dependent upon his intent I am in entire agreement. But, even though at the time of the abandonment of the premises he had no intent to accept a surrender, he may thereafter so deal with them as to evidence an intent to terminate the lease in its entirety, and if he does he can no longer base a recovery upon it. If, for instance, he should, before the date of the expiration of the lease, enter upon the premises, substantially alter them and use them for a business conducted by himself, I think the contract of leasing would then be at an end. To state the matter somewhat generally, the owner must, to preserve his rights under the lease, continue to treat the premises as being still the subject-matter of it and if he treats them as his own, his rights under it are ended. When, in this case, the plaintiffs leased the premises abandoned by the tenant in conjunction with adjoining premises owned by them, in one lease and for a single rental, and caused an opening to be made between so that both could be used together, it seems to me that they ceased to deal with the premises abandoned by the tenant as subject to the lease and thereafter dealt with them in their own right as owners. I think the lease was then at an end and the plaintiffs were not entitled to thereafter recover the rent provided in it. *Friedlander* v. *Citron,* 129 N. Y. Supp. 427.