EBENEZER HILL v. WALTER B. DODGE

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 40938

EBENEZER HILL v. WALTER B. DODGE

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 42892

Memorandum filed December 12, 1951.

*John R. Thim* and *Anthony I. Wells,* of New Haven, for the Plaintiff.

*Herbert L. Emanuelson* and *John F. Wynne,* of New Haven, for the Defendant.

FITZGERALD, J.  Case No. 40938 was returned to court on the first Tuesday of March, 1949.  It is a companion case to that contained in File No. 42892, which was subsequently returned to court on the first Tuesday of January, 1950.  Both cases involve the same parties and relate to the subject matter of the same lease which has given rise to litigation.  That lease was executed by the parties on March 26, 1947.  The status of the plaintiff thereunder is that of lessor while the status of the defendant is that of lessee.  Since the cases were tried together, the within memorandum will serve as the basic memorandum in both cases.

In action No. 40938 the plaintiff is seeking to recover rent under the lease alleged to be due and unpaid for the five-month period between September 15, 1948, and January 15, 1949. In action No. 42892, which comprises a complaint in three counts, the plaintiff is seeking to recover rent under the lease alleged to be due and unpaid on February 15, 1949, for certain repairs and expenditures alleged to have been the obligation of the defendant to have made but made by the plaintiff in connection with the leased premises, and for the alleged conversion of the contents of two barrels containing china. Parenthetically it is stated that the plaintiff conceded at the trial that his proof did not warrant a consideration of the subject of the last count by the court.

For answers in these cases the defendant has filed general denials and three special defenses. The gist of the special defenses is that the lease in suit is violative of the Federal Housing and Rent Act of 1947, as amended (61 Stat. 193, 50 U. S. C. § 1881 [Sup. 4, 1951], in that rent demanded and received by the plaintiff under the lease exceeded the maximum rent allowable by federal law; and that the defendant was legally justified in rescinding and terminating the lease on October 15, 1948, without incurring any further obligations for the balance of the two-year term. In action No. 40938 the defendant has interposed a counterclaim in which he seeks to recover as damages of the plaintiff the cost of items alleged to be in the nature of rental overcharges in violation of federal law.

At the conclusion of the trial on November 13, 1951, counsel asked and were given permission to file briefs. Such have now been filed and examined by the court. They evidence a careful and studious approach to the problems presented in the two cases. A protracted discussion of the facts and the law will be avoided in the interest of time. The volume of cases requiring decision in the courts is today so great that writings must be kept at a minimum if the dispatch of business in the courts is to be kept reasonably current.

The lease in suit, executed by the parties on March 26, 1947, relates to dwelling-house premises located in Stamford, Connecticut, and is for the term of two years from April 15, 1947, to April 15, 1949. Rent is specified therein as being in the stipulated amount of $4800 payable as follows: $400 on the signing of the lease, receipt of which is acknowledged, and $200 on May 15, 1947, and on the 15th day of "every month there-

after, in advance, until the term rent shall have been paid." In effect, the defendant paid in advance the rent for the first and last months of the two-year term when the lease was executed.

It is of course true that the effective date of rent control was July 1, 1942, at which time all rents for dwelling accommodations were frozen at the level existing for such properties as of April 1, 1941. So it is that the court must determine what was the rent level pertaining to the premises in question on the latter date. The property was then under a two-year lease from the plaintiff to one Walter S. Hoyt. The same provision appears in that lease relating to $4800 for the entire term, with $400 paid for the first and last months of the term upon the execution of the lease, and $200 commencing on the 15th day of the second month of the term and thereafter until the total of $4800 had been paid by the then lessee. Hence this phase is identical to both leases. The rental charge on this aspect cannot constitute an overcharge by the plaintiff to the defendant.

However, the lease in suit does contain various provisions of a material nature not found in the Hoyt lease. One relates to the payment by the defendant of "all expenses required to properly care for the grounds"; another to the payment by the defendant of "all repairs to the herein leased premises"; another to the payment by the defendant of "all expenses necessary for the maintenance and repair of all household units and machinery"; and still another relating to "telephone charges."

The court has no hesitation in finding that the subjects of the foregoing specified provisions are invalid, null and void, and that the plaintiff cannot recover as damages for any items he may have spent in any of these connections. It does not follow, however, that the plaintiff is precluded from recovering rent at the rate of $200 a month for the remaining months of the term in which such rent had been stipulated in the lease in question as well as in the Hoyt lease effective on April 1, 1941. This is based on a finding that the legal consideration is separable from the illegal consideration under the law of contracts as applied to these cases. See 12 Am. Jur. 739, § 221.

It is found as a fact that on October 15, 1948, the defendant without legal justification vacated the leased premises in such manner as to conclusively evidence his abandonment of the lease, and that the plaintiff did not in legal effect accept a surrender of the premises or of the lease. This finding is decisive of the

plaintiff's right to recover rent for the remaining months of the term. *McGrath* v. *Shalett,* 114 Conn. 622, 625; *Miller* v. *Benton,* 55 Conn. 529, 546; and see discussion in *Sagamore* v. *Willcutt,* 120 Conn. 315.

It necessarily follows that the defendant's special defenses fail to the extent indicated. So also the defendant's counterclaim must fail in toto. The short answer on the latter phase is that the plaintiff's special defense of the Statute of Limitations contained in § 205 of the federal act (61 Stat. 199, as amended in 63 Stat. 27, 50 U. S. C. § 1895, [Sup. 4, 1951]) is a bar to a recovery of damages by the defendant on his counterclaim against the plaintiff. The federal law places a limit of one year in which a tenant or lessee may seek redress for overcharges. The counterclaim was filed more than a year after the claimed expenditures were made; and the limitation of the federal law must be strictly applied since it confers a remedy unknown to our common law.

In action No. 40938, the issues are found for the plaintiff on his complaint and on the defendant's counterclaim. Damages are awarded him in the amount of $1000 (five months rent at $200 a month), with interest thereon computed to approximate $175, totaling $1175. See General Statutes, § 6778, as to allowance of interest. Judgment will enter accordingly with taxable costs as an incident.

In action No. 42892, the issues are found for the plaintiff on the first count only of his complaint, and for the defendant on the second and third counts of the complaint. Damages under the first count are awarded the plaintiff in the amount of $200 (rent due February 15, 1949), with interest thereon computed to approximate $34, totaling $234. Judgment will enter accordingly with taxable costs as an incident.