STATE REALTY COMPANY, Plaintiff, Appellant, *v.* JOSHUA L. POST, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, November 11, 1924.

Judgments — summary judgment — action against guarantor of lease for deficiency in rent — plaintiff alleges attempt after dispossession of tenant to re-rent premises " at the best possible price " in accordance with lease — defendant obligated to pay unliquidated sum — plaintiff's motion for summary judgment under Rules of Civil Practice, rule 113, denied.

Plaintiff's motion for summary judgment pursuant to Rules of Civil Practice, rule 113, in an action against the defendant, a guarantor of a lease for deficiency in rent, should be denied, since the plaintiff's allegation, that, in keeping with the lease, it sought to re-rent the premises after the tenant was dispossessed " at the best possible price," indicates an obligation on the part of the defendant to pay an unliquidated sum, the extent of which the defendant is entitled to hear and contravert.

APPEAL by plaintiff from an order of the City Court of the city of New York, denying its motion for summary judgment.

*Choate & Lee* (*Harold Lee*, of counsel), for the appellant.

*Joseph Rosenzweig* (*Joseph H. Robins*, of counsel), for the respondent.

*Per Curiam.*   This case was before us in the Appellate Term for November, 1923, on an appeal by defendant from an order denying his motion for judgment on the pleadings.

The action is against a guarantor of a lease for deficiency in rent. The defendant guarantor alleged on the previous appeal that the language of the instrument upon which he is sought to be held did not warrant a construction that he had guaranteed the rent under the renewed term, under which the deficiency had occurred.

This court, although recognizing the inartificial form of the guaranty, was of opinion that if read alone the instruments should be construed as covering the renewal term, and if read in connection with other papers somewhat similar in form, previously signed by the defendant, issues as to the construction were raised which demanded a trial. The situation is not changed by the fact that plaintiff now moves for summary judgment. But in addition to that consideration, the very fact that plaintiff alleges that in accordance with the lease he endeavored to re-rent the premises after the tenant was dispossessed " at the best possible price " indicates that the obligation of the defendant was to pay an unliquidated sum as to the extent of which defendant is entitled to

hear and challenge plaintiff's proofs. The case is not, therefore, one in which summary judgment under rule 113 can properly be granted.

Order affirmed, with ten dollars costs and disbursements.

All concur; present, Guy, Bijur and Mullan, JJ.