BATTEN A. VUMBACCO *vs.* JOSEPH PAPALLO.

Third Judicial District, Bridgeport, April Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A tenant is estopped to deny his landlord's title as long as he retains possession of the premises acquired under the lease; but if he surrenders possession to the landlord, the estoppel ceases.

If a tenant unconditionally repudiates his lease and vacates the premises and the landlord thereafter brings an action to recover, not the rent then due, but damages for the entire term of the lease, there is evidenced by such facts a complete surrender of possession by the tenant which entitles him to plead, as a defense to the action, that the landlord had no title and therefore suffered no damage.

In the present case, the tenant's defense was that the landlord had made fraudulent representations as to her right to lease the premises. *Held* that certain testimony and exhibits tending to prove that at the time in question the record title was in the name of a deceased person, whose estate was in process of settlement and that, after the commencement of the lease, the premises were sold to a third party by order of the Court of Probate, were admissible.

Argued April 15th—decided June 2d, 1925.

ACTION to recover rent alleged to be due from the defendant under a lease of the plaintiff's premises, brought to the City Court of Meriden and tried to the jury before *William M. Luby, Acting-Judge;* verdict and judgment for the plaintiff, and appeal by the defendant. *Error and new trial ordered.*

The complaint alleges a leasing of the premises to the defendant for the term of three years from November 1st, 1922, at the annual rental of $360 payable at the rate of $30 a month in advance; that the defendant moved into the premises and occupied them until about October 1st, 1923, when he moved out and notified plaintiff that he would no longer pay rent. The lease provides that if the rent remain unpaid for ten days after it becomes payable, etc., then this lease shall thereupon terminate.

This action was commenced November 3d, 1923.

For a second defense the defendant denied that the plaintiff had title or right to lease the premises when the lease was executed, and upon learning of that fact the defendant moved out. A demurrer to this defense was sustained on the ground that the defendant was estopped to deny plaintiff's title. On motion granted defendant then filed a special defense alleging that defendant was induced to execute the lease by plaintiff's fraudulent representation that she was the owner of the premises and had good right to lease the same.

On the trial the plaintiff claimed to have proved

that prior to his death the premises were owned by one Rocco Alia, the husband of the plaintiff; that he died intestate May 17th, 1922, leaving the plaintiff and three minor children him surviving; that the plaintiff continued in possession and control of the premises, and that in October, 1922, the defendant, with knowledge of the foregoing facts, entered into the lease in question, and occupied and abandoned the premises as alleged in the complaint.

On the trial the defendant offered evidence to show that the premises stood in the name of Rocco Alia at the date of the lease; that subsequently an administrator of Alia's estate was appointed and qualified, and that on May 8th, 1924, by authority of an order of the Court of Probate for the district of Meriden, the administrator sold the premises—whether or not subject to the lease, does not appear—to a third party.

On plaintiff's objection all this evidence was excluded, on the ground that the defendant was estopped from questioning the plaintiff's title, the trial court holding that record of title in the deceased husband of the plaintiff was not evidence of fraud. It appears to be conceded that from June to September inclusive, the premises were occupied by a third party, who paid the rent to the plaintiff. The plaintiff claiming that such third party was a subtenant or agent of the defendant, and the defendant claiming that he had assigned the lease and that the plaintiff, by novation, had released the defendant from further obligation thereunder. The court left the issue of novation to the jury, and charged as to damages that if they found for the plaintiff the measure of damages was the amount of the rent reserved for the balance of the term less any sum which the plaintiff, if diligent in attempting to re-rent the premises, received for use and occupation during the balance of the term. It appears from the

verdict that the jury awarded the plaintiff the entire balance of the rent reserved from and after October, 1923.

*Cornelius J. Danaher*, for the appellant (defendant).

*Lewis J. Somers*, for the appellee (plaintiff).

BEACH, J. By the common law the tenant under a deed poll was not estopped to deny the title of his landlord. "And the reason of this is, for that in every contract there must be *quid pro quo*, for *contractus est quasi actus contra actum;* and therefore if the lessor hath nothing in the land, the lessee hath not *quid pro quo*, nor anything for which he should pay rent." 1 Co. Litt. (Ed. 1853) Sect. 58, 47 b. But, "if the lease be made by deed indented, then both parties are concluded." *Id.* In the latter case, the lessee's seal imported a consideration which shut his mouth. The modern rule regards the possession of the premises as the consideration which, being retained, shuts the tenant's mouth from controverting the title under which he acquired possession. 1 Tiffany, Landlord & Tenant, § 78, p. 500; 35 Corpus Juris, p. 1239, § 586. Thus the tenant cannot deny the landlord's title so long as he retains possession acquired under the lease, but the estoppel continues no longer than the possession, provided the possession is surrendered to the lessor.

"While the protection of landlords is reasonably insured, by the rule before-mentioned, it has never been carried so far in disregard of the rights of the tenant, as to operate an absolute estoppel against his claim of title. The object of it being accomplished, by the . . . restoration of possession to the landlord, or by any fact dissolving the rule above-mentioned, the rela-

tion between them is *functus officio;* and the former tenant may controvert the title under which he held, without any embarrassment, except so far as a presumption may be derived from his implied recognition of such title." *Camp* v. *Camp,* 5 Conn. 291, 301; *Thomas* v. *Young,* 81 Conn. 702, 71 Atl. 1100. See also the collection of cases under the citations from 35 Corpus Juris and 1 Tiffany, Landlord & Tenant, *supra.*

As to the surrender of possession by the defendant, the plaintiff's claims of fact made at the trial allege that the defendant vacated the premises about September 1st, 1923, and notified the plaintiff that he was through with the lease and had torn up the same and intended to pay no more rent and was no longer bound by the lease; and this action brought November 3d, 1923, is not an action for the one or two months' rent then due under the lease, but an action for $1,000 damages for breach of the lease, in which the plaintiff claimed and has been awarded damages covering the whole of the rent reserved for the entire balance of the term.

This evidences a termination of the lease according to its terms, and a complete surrender of possession by the defendant, which entitled him, in defense of an action for compensatory damages, to offer evidence tending to show that the plaintiff was not damaged because she had no right to collect rent for the balance of the term.

The court erred in rejecting the evidence of the witnesses, Leo Weisleder and Ruth E. Payne, and the exhibits offered in connection therewith. This testimony and these exhibits tended to prove that the record title to the premises was not in the plaintiff, and that the premises had been sold by order of the Court of Probate to a third party during the continuance of the unexpired term of the lease. With this evidence

excluded there was, of course, no evidence of false representations as to ownership, still less of any fraudulent misrepresentations, before the jury.

The question of novation by acceptance of Mattese as tenant in place of the defendant was left to the jury under instructions which were correct, under the conditions created by the erroneous rulings on evidence; and, assuming that the plaintiff had title, the charge as to the measure of damages was not prejudicial to the defendant.

There is error and a new trial is ordered.

In this opinion the other judges concurred.