SAGAMORE CORPORATION *vs*. CHARLES D. WILLCUTT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 4th—decided August 3d, 1935.

*Samuel Gordon,* with whom was *Julius B. Kurian-sky,* for the appellant (defendant).

*Frank Rich,* for the appellee (plaintiff).

BANKS, J. The complaint alleged that on October 1st, 1934, the plaintiff leased to the defendant for the term of one year from that date certain premises for the annual rental of $480 payable at the rate of $40 a month on the first day of each month in advance, that the defendant occupied the premises until February 1st, 1935, on which day he moved out and thereafter notified the plaintiff that he would no longer comply with the terms of the lease and would pay no further rent, and that as a result of the defendant's breach of the lease the plaintiff has suffered as damages the difference between the rental specified in the lease and the reasonable rental value of the premises for the remainder of the term. The defendant's demurrer to the complaint, stated in four paragraphs, makes a single claim: that the breach of a covenant to pay rent creates no debt until the time stipulated for payment arrives, that the defendant owes the plaintiff no duty except to pay the rent on the first of each month during the remainder of the term, and consequently the plaintiff is not entitled, in an action brought before the expiration of the term of the lease, to recover damages for the defendant's anticipatory breach of his covenant to pay rent.

The lessee has abandoned the leased premises and refused to pay any further rent. The lessor in such a situation has two courses of action open to him. He may accept the surrender of the premises, thereby terminating the lease and effecting a rescission of the contract, or he may refuse to accept the surrender. In the latter case he may let the property lie idle and collect the balance of the rent due under the lease, or he may take possession of the property and lease it to others; in which case he may recover from the original

lessee the balance of the rent due under his lease less the rent received from the new lessee. Whether the taking possession of the premises constitutes a rescission of the contract depends upon his intent. *Miller* v. *Benton,* 55 Conn. 529, 546, 13 Atl. 128; *White* v. *Miller,* 111 Conn. 53, 58, 149 Atl. 237; *McGrath* v. *Shalett,* 114 Conn. 622, 159 Atl. 633. The action in that case is one to recover the rent which the lessee has covenanted to pay, and of course cannot be maintained until such rent becomes due and payable under the terms of the lease. By bringing this action for damages for breach of contract the plaintiff has manifested its intention to accept the surrender of the premises, and has acquiesced in the termination of the lease, and the rescission of the contract. Its action is one for damages for the breach by the defendant of his covenant to pay rent.

The arguments and briefs of counsel appear to have proceeded largely upon the assumption that the breach arose out of the repudiation by the defendant of his obligation to pay rent which would accrue in the future and therefore constituted an anticipatory breach, or more accurately a breach by anticipatory repudiation of his contract. A positive statement to the promisee that the promisor will not perform his contract constitutes an anticipatory repudiation which is a total breach of contract, except in cases of a contract originally unilateral and not conditional on some future performance by the promisee and of a contract originally bilateral that has become unilateral and similarly unconditional by full performance by one party. Amer. Law Institute Restatement, Contracts, Vol. 1, § 318. Where the contract was originally unilateral or has become so by the performance of one party, no breach can arise before the time fixed in the contract for some performance. There must be some depend-

ency of performance in order to make anticipatory breach possible. Restatement, Op. Cit., Comment e. A lease is primarily a conveyance of an interest in land and its execution by the lessor may be said to constitute performance on his part, making the instrument, when considered as a contract, a unilateral agreement with no dependency of performance which would make an anticipatory breach possible. This, we take it, is the basis of the distinction which the defendant claims to exist between a covenant to pay rent in a lease of real estate and an ordinary executory contract.

But the plaintiff is not obliged to rely solely upon the rules controlling a right to recover for an anticipatory breach arising out of the defendant's repudiation of his obligation to pay rent to accrue in the future. The complaint alleges that the rent was payable on the first day of each month in advance, that the defendant moved out on the first day of February, 1935, and thereafter notified the plaintiff that he would pay no further rent. This can only be construed as an allegation of a refusal to pay the rent which had fallen due on that date as well as that to accrue in the future. This constituted a present breach of his covenant to pay rent then due. Granting the defendant's contention that a covenant to pay rent creates no debt until the time stipulated for payment arrives, that time had arrived, so far as the rent due February 1st was concerned, and his failure to pay that rent constituted a breach of the covenants of his lease. The question remains whether this was a total or only a partial breach. If the former, the plaintiff would be entitled to maintain this action to recover the damages alleged in its complaint; if the latter, it would be limited to those resulting from the refusal to pay the rent due on February 1st. Considering a lease as a unilateral con-

tract, or a bilateral contract that has been wholly performed by the lessor, the covenant to pay rent at certain fixed periods is a contract for the payment of money in instalments, and the failure to pay any instalment of rent as it falls due would constitute a partial breach of the lessee's contract. Restatement, Contracts, Vol. 1, § 316. But when such a partial breach is accompanied or followed by a repudiation of the entire contract, the promisee may treat it as a total breach. Restatement, Contracts, Vol. 1, § 317, Comment b; Connecticut Annotations, p. 214; 13 C. J. p. 658, § 736, and cases cited; 3 Williston, Contracts, § 1317; *Armsby* v. *Grays Harbor Commercial Co.*, 62 Ore. 173, 123 Pac. 32; *Peters Grocery Co.* v. *Collins Bag Co.*, 142 N. C. 174, 55 S. E. 90. Defendant's failure to pay the rent due on February 1st, considered alone, constituted a breach only of his agreement to pay that particular instalment of rent. His subsequent statement to the plaintiff that he would no longer comply with the terms of the lease and would pay no further rent was a repudiation of his entire contract. The breach thereupon became a total one justifying an immediate action by the plaintiff to recover the damages which would naturally follow from such a breach.

The defendant relies upon statements in the opinion in *Miller* v. *Benton*, 55 Conn. 529, 13 Atl. 678, to the effect that a tenant owes no duty and can violate none until the rent becomes due, and that his notice that he will pay no more rent does not vary the relations between the landlord and himself, and is merely a declaration that he will not pay his debt when it falls due. As appears from the brief filed by the plaintiff in that case he based his right to recover upon the ground that the refusal of the defendant to re-occupy leased premises constituted an anticipatory breach of contract and the statements referred to were made with refer-

ence to that claim. The decision of the court in over-ruling it is in accord with what we have just said. It is true that the court also said that the allegations of the complaint were sufficiently broad to include a recovery of damages based upon certain rent which had become due before the action was brought, and the judgment was reversed in order that damages upon that basis might be awarded the plaintiff. But no claim was made in that case that, a breach of the covenant to pay rent having occurred, the conduct of the defendant was such as to constitute that breach a total one; and the decision is not authority that, had such a claim been made, the court would not have sustained it.

In *Vumbacco* v. *Papallo*, 102 Conn. 562, 129 Atl. 525, an examination of the record discloses that rents were overdue at the time the action was brought and the defendant, having abandoned the premises, notified the plaintiff that he would no longer pay any rent. The charge of the court upon the measure of damages which we there approved was correct as applied to a total breach made so by notice of a refusal to pay further monthly rents after a default as to one, and the only ground upon which the appellant claimed error in it was that at and after the default in the rent occurred the plaintiff had no right to the rent. Our statement that if the jury found for the plaintiff upon this issue, the measure of damages given in the charge was correct, accorded with the situation before the court.

There is no error.

In this opinion the other judges concurred.