## SPILLINGER v. C. O. MILLER CO.

## WAVERLY CO. v. NORMAN et al.

### No. 139.

Circuit Court of Appeals, Second Circuit.

Dec. 9, 1935.

Frank Rich, of Stamford, Conn., for appellant.

Frederick H. Wiggin, of New Haven, Conn. (Huntington T. Day, of New Haven, Conn., of counsel), for appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The appellant is the assignee of the landlord's interest in a lease demising to the Miller Company premises in Stamford, Conn., for a term of fifteen years beginning February 22, 1930. On February 10, 1933, receivers in equity were appointed for the Miller Company on a bill filed in the court below and the defendant's answer consenting thereto. Within the time fixed for presenting claims, the appellant filed a claim for damages for anticipatory breach of the lessee's obligations under the lease by reason of the appointment of receivers. It claims the difference between the rent reserved for the unexpired portion of the term and the fair rental value of the premises for that time. This appeal is from an order disallowing the claim.

The lease provided for a minimum annual rent of $65,000, payable in monthly installments in advance, plus taxes, and, on certain conditions, plus an additional amount based on a percentage of the lessee's gross sales. It also provided that if any part of the rent should remain in default for ten days, or if a receiver of any property of the lessee should be appointed, the term should immediately end at the option of the lessor, and the lessor with or without entry might recover possession. It contained no provision for liquidated or other damages in the event of nonpayment of rent or other default by the lessee. By a subsequent agreement the minimum agreed rental of $65,000 was reduced to $29,000 for the year beginning February 1, 1933. When the receivers were appointed the lessee was not in default under the terms of the lease. While the receivers were in possession they paid for monthly occupancy at the rate of $29,000 per year. On June 13, 1933, they reported to the court, requesting a direction to disaffirm the lease, and gave the appellant notice that they had so requested.

It is conceded by the appellant that the question whether it had a provable claim is governed by the law of Connecticut, the lease itself containing no covenant providing the measure of dam-

ages in case of re-entry by the lessor. Gardiner v. William S. Butler & Co., 245 U.S. 603, 605, 38 S.Ct. 214, 62 L. Ed. 505. The appellant argues that Sagamore Corporation v. Willcutt, 120 Conn. 315, 180 A. 464, 465, in which the opinion of the Supreme Court of Connecticut was handed down after the decision in the case at bar, settles the law in its favor. As we read that opinion, however, it settles the law against the appellant. There the lessee abandoned the premises, while owing one month's rent, and notified the lessor that he would no longer comply with the terms of the lease. The lessor sued for the difference between the rental specified in the lease and the reasonable rental value for the remainder of the term. A demurrer to the complaint was overruled and judgment rendered for the plaintiff. The theory of the opinion, however, is not, as the appellant urges, that the repudiation of a lease gives rise under Connecticut law to an immediate cause of action for damages; on the contrary, it is just the reverse of that theory. Judge Banks points out that the doctrine of anticipatory breach by repudiation of a promisor's contract has no application where the contract was originally unilateral or has become so by the performance of one party; that a lease, when considered as a contract, is a unilateral agreement with no dependency of performance which would make an anticipatory breach possible; and this, he says, is the basis of the distinction claimed to exist between a covenant to pay rent in a lease of real estate and an ordinary executory contract. He then explains that the plaintiff was not obliged to "rely solely upon the rules controlling a right to recover for an anticipatory breach arising out of the defendant's repudiation of his obligation to pay rent to accrue in the future," because there was a present breach in respect to rent already due; that a failure to pay an installment of rent as it falls due would ordinarily constitute only a partial breach of the lessee's contract, but when such partial breach is accompanied or followed by a repudiation of the entire contract, the promisee may treat it as a total breach. This was the theory upon which the plaintiff was given judgment and by which Judge Banks was enabled to harmonize the prior decisions of Miller v. Benton, 55 Conn. 529, 13 A. 678, and Vumbacco v. Papallo, 102 Conn. 562, 129 A. 525.

In the former there was no rent presently due, while in the latter there was, at the time when the lessee repudiated his obligations.

In the case at bar rent for the month of February, 1933, had been paid prior to the appointment of the receivers. Consequently, even if it be assumed that appointment of equity receivers for the lessee is equivalent to a statement by the lessee that it will pay no rent to accrue in the future, there was no partial breach which such repudiation could turn into a total breach of the contract. Under the law of Connecticut as expounded in Miller v. Benton and Sagamore Corporation v. Willcutt, the appellant's claim set forth no cause of action and was properly disallowed. This disposition of the case makes it unnecessary to consider any of the other matters which have been argued.

Order affirmed.