## In the Matter of the Dissolution of the Edgewood Park Junior College, Incorporated.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued May 11th—decided June 2d, 1937.

*John D. Walker,* with whom was *Francis Schiaroli,* for the appellant (claimant).

*Sydney C. Perell,* for the appellee (receiver).

BANKS, J. From the allegations of the proof of claim it appears that Edgewood Park Junior College, Inc., was a tenant of the claimant under a lease for a term of ten school years beginning October 1st, 1932, each school year to begin on the first of October of each year and to end on the tenth of the following June. The rental reserved for the first three years of the lease was a varying amount based upon the gross receipts of the college, and thereafter was an annual amount of $20,000 payable, one-half on the 10th day of October, at the beginning of the school year, and the other half on the 15th day of February in each school year. The lease contained no provision for damages in the event of its termination before the period fixed therein, but did provide that in that event the tenant should remain liable for and pay the rent

reserved on each of the rent days specified in the lease, less the avails of reletting, if any. On June 2d, 1936, a petition was filed for the appointment of a receiver of the college, a receiver was appointed and, on June 19th, 1936, an order was entered limiting four months from June 30th, 1936, for the filing of claims. Rent under the lease was paid up to October 10th, 1936,  and no further instalment of rent was due until that date. On August 31st, 1936, the receiver repudiated the lease and this action was confirmed by the court on September 29th, 1936. On October 10th, 1936, a $10,000 instalment of rent became due, which the receiver, on demand, refused to pay and again advised the claimant that he would not thereafter perform the terms of the lease. Claimant filed its proof of claim for damages for breach of the lease within the time limited by the court for the filing of claims. The receiver demurred to the proof of claim upon the grounds, in substance, that the covenant to pay rent created no debt until the time stipulated for payment arrived, that the tenant was not in default at the time of the appointment of the receiver, and that such appointment did not give the claimant a right to recover damages on the ground of an anticipatory breach of the covenant. The court sustained the demurrer and disallowed the claim.

The appointment of a receiver, and his failure to adopt a contract executory in whole or in part at that time, will ordinarily operate as an anticipatory breach of the contract and entitle the other party to the contract to present his claim for damages in the receivership proceedings and share in the assets with other creditors whose contracts were broken before the receiver was appointed. *Napier* v. *Peoples Stores Co.,* 98 Conn. 414, 120 Atl. 295. Claimant says that its lease was a contract which was breached by the

receivership, and its repudiation by the receiver, and that under the rule of the *Napier* case it is entitled to prove its claim for damages caused by the breach. The breach, if any, caused by the repudiation of the lease by the receiver on August 31st, 1936, was an anticipatory one. The college was not in default when the receiver was appointed, and his repudiation of the lease was a refusal to pay instalments of rent which had not yet fallen due. "The doctrine of anticipatory breach is not extended to unilateral contracts unless the promisor's duty is conditional on some future performance by the promisee. It is immaterial whether the contract was originally thus unconditionally unilateral or has become so by the performance of one party. In neither case can a breach arise before the time fixed in the contract for some performance. There must be some dependency of performances in order to make anticipatory breach possible." Amer. Law Institute Restatement, Contracts, Vol. 1, § 318, Comment e; *Sagamore Corporation* v. *Willcutt*, 120 Conn. 315, 318, 180 Atl. 464.

A lease is primarily a conveyance of an interest in land. Its covenants are independent covenants. Thus, apart from statute or express provisions of the lease, the tenant's nonpayment of the rent or other breach of covenant will not justify his eviction by the landlord. 1 Tiffany, Landlord & Tenant, § 51, § 182, p. 1243; 3 Williston, Contracts (Rev. Ed.) § 890; Amer. Law Institute Restatement, Contracts, Vol. 1, § 290. The independent covenants are in effect separate unilateral obligations. Also, since the execution of the lease by the lessor may be said to constitute performance on his part, the lease for that reason may be considered a unilateral agreement. 3 Williston, Contracts (Rev. Ed.) § 890, (1920 Ed.) § 1329. A lease, therefore, considered as a contract, is a unilateral

agreement with no dependency of performance. No breach of contract can therefore arise before the time fixed in the contract for some performance. A repudiation of the lease by the tenant or its receiver would not give the landlord an immediate cause of action for future rent. 3 Williston, Contracts (1920 Ed.) § 1329. We recognized in the *Napier* case (p. 425) the distinction between a covenant to pay rent in a lease of real estate and an ordinary executory contract, which we later stated in the *Sagamore* case. The filing of the receivership petition and the repudiation of the lease by the receiver on August 31st, 1936, there being then no rent due and unpaid, and no provision in the lease liquidating damages in that event, did not constitute an anticipatory breach of the covenant to pay rent authorizing the claimant to recover damages for such breach. *Sagamore Corporation* v. *Willcutt,* supra; *Block* v. *Bell Furniture Co.,* 111 N. J. Eq. 551, 557, 162 Atl. 414; *Gardiner* v. *Butler & Co.,* 245 U. S. 603, 38 Sup. Ct. 214; *First Nat. Bank of Chicago* v. *First Nat. Bank of Wheaton,* 78 Fed. (2d) 502; Annotation, 84 A. L. R. 892.

Claimant contends that, even though it is not entitled to a recovery upon the theory that the repudiation of the lease by the receiver on August 31st constituted an anticipatory breach of the covenant to pay rent, there was a present breach of the covenant by the refusal to pay the instalment of rent which fell due on October 10th, and that this was a partial breach accompanied by a repudiation of the entire contract which entitled the claimant to treat it as a total breach. In *Sagamore Corporation* v. *Willcutt,* supra, the tenant defaulted in the payment of rent which had fallen due, moved out of the premises and thereafter notified the landlord that he would no longer comply with the terms of the lease and would

pay no further rent. We held that the failure to pay the instalment of rent which had fallen due was a partial breach of the lessee's contract, and that the subsequent statement that he would no longer comply with the terms of the lease was a repudiation of his entire contract which the landlord was entitled to treat as a total breach, and recover in an immediate action the damages which would naturally follow such breach. Amer. Law Institute Restatement, Contracts, Vol. 1, §§ 316, 317, Comment b; 3 Williston, Contracts (1920 Ed.) § 1317. Here, as in the *Sagamore* case, there was on October 10th a present partial breach by the failure to pay rent which had fallen due accompanied by a repudiation of the lease, which the landlord was entitled to treat as a total breach.

This is not, however, an action by the landlord against the tenant, but the presentation of a claim against its estate in receivership in which it appears that there was no breach prior to the institution of the receivership proceedings, but that the breach occurred during the pendency of the proceedings. A claim to be provable in receivership proceedings must be either one which is actionable at the date of the receiver's appointment, or a direct obligation at that date, whether then due or to become due, or an unmatured obligation which has matured since that date or will mature prior to an order of distribution. 53 C. J. p. 230; 23 R. C. L. p. 102. The claimant's claim does not fall within any of these categories. As there was no breach of the covenants of the lease until after the receiver's appointment there was not on that date any direct obligation or any existing unmatured obligation which might later mature. See *Calechman* v. *Great Atlantic & Pacific Tea Co.*, 120 Conn. 265, 269, 271, 180 Atl. 450. *Wm. Filene's Sons Co.* v. *Weed*, 245 U. S. 597, 38 Sup. Ct. 211, relied on by the claim-

ant, is not in point. The covenant there involved was not one to pay rent but a personal covenant to pay a certain sum should the lease be terminated before the date specified in it, that created a present debt existing prior to the receivership proceedings.

*Spillinger* v. *C. O. Miller Co.*, 80 Fed. (2d) 88, was a receivership proceeding in which a landlord, within the time limited for presenting claims, filed a claim for damages for anticipatory breach of the tenant's obligations under a Connecticut lease by reason of the appointment of receivers. When the receivers were appointed the lessee was not in default. The receivers paid rent while in possession but requested direction of the court to disaffirm the lease. The Circuit Court of Appeals sustained the action of the District Court in disallowing the claim, holding, upon the authority of the *Sagamore* case, that, there having been no default prior to the appointment of the receivers, there was no partial breach which their repudiation of the lease could turn into a total breach.

Claimant's contention that it is entitled, in any event, to the instalment of rent which fell due on October 10th, 1936, is disposed of by what we have already said, since this was not an obligation in existence at the date of the appointment of the receiver.

It is conceded by the claimant that its claim would not be allowed in bankruptcy. *Manhattan Properties, Inc.* v. *Irving Trust Co.*, 291 U. S. 320, 54 Sup. Ct. 385. As we said in the *Napier* case (p. 426), it is eminently desirable that in receivership proceedings there should be uniformity of decisions in the federal and state courts. The trial court did not err in sustaining the demurrer and disallowing the claim.

There is no error.

In this opinion the other judges concurred.