# ANGELO J. TOMASSINO
*vs.*
# LENA CASCIOLI

Superior Court     New Haven County     File #52909

## MEMORANDUM FILED NOVEMBER 21, 1938.

William J. McKenna, of New Haven, for the Plaintiff.

Maresca & Maresca, of New Haven, for the Defendant.

DICKENSON, J. The only relief asked in the complaint is for a declaratory judgment. The plaintiff claims an instrument purporting to be a lease executed by a predecessor in title is invalid because the lessee "did not execute said lease or subscribe her name thereto", and asks that it be declared invalid.

The lease was admittedly signed by the then owner of the premises. It does not bear the signature of the lessee. Evidence was introduced that she was not present when it was

executed by the lessor but that her husband, who was her agent, represented her in the transaction, took delivery of the lease and occupied the premises under it. It is admitted that the instrument was recorded and the plaintiff had notice of this when he took title. It further apears that upon execution of the lease the lessor was paid $1,000 on account of rent for the last, or fifth year it was to run.

Section 5018 of the General Statutes, Revision of 1930, provides that a lease for more than one year shall be ineffectual against any person other than the lessor unless executed, attested, acknowledged and recorded in the same manner as a deed of land. A lease is primarily a conveyance of an interest in land. Since the execution of the lease by the lessor may be said to constitute performance on his part, the lease for that reason may be considered a unilateral agreement. *In re Eldgewood Park Junior College, Inc.,* 123 Conn. 74, '77.

It can hardly be said, then, that the lease was not executed in compliance with the statute "in the same manner as a deed of land." It was executed, delivered and a substantial consideration paid.

But even were it not executed in accordance with the statute it would be good as between the parties. If, as the plaintiff claims, the factual situation here is not identical with that in *Andretta vs. Fox New England Theatres, Inc.,* 113 Conn. 476, the rule there applied applies with greater force here, for the plaintiff admittedly had notice of the recording and that was "sufficient to put a prudent man on inquiry." Inquiry would have disclosed, what has appeared in evidence, that there was a good lease between the original lessor and the defendant.

Judgment is directed for the defendant.