This action is for damages for an alleged breach by the tenant-defendant of a written lease wherein the rent reserved was a minimum of $7200 per year payable in monthly instalments. After the tenant had entered into possession under the lease, the premises were damaged by fire. Before they were again rendered fit for use, the defendant notified the plaintiff that he "would not continue as a tenant under said lease" and, as alleged, "thereby breached said lease."
From the bill of particulars it appears that the premises were rendered fit for use on December 19, 1949. On December 23, 1949, the plaintiff, "in an endeavor to mitigate its damages," released the premises to a third party at a rental of a maximum of $200 per month less than the rental provided for in the lease with the defendant. *Page 36 
Plaintiff has moved for a summary judgment for "damages ... representing the difference between the rent due under the lease from the defendant and the rent received under the lease from the third party for the period from December 19, 1949, the day the premises became tenantable, to the date of the affidavit accompanying the motion for summary judgment, viz. May 26, 1950. Although the lease was not made part of the pleadings, it appears from the allegations of the bill of particulars, that the lease executed by the defendant would expire August 31, 1958
The defendant has moved to strike the plaintiff's motion and affidavit for summary judgment on the ground that the action is not to recover a "debt or liquidated demand in money" arising out of a contract within the meaning of § 52 (first) and (second) of the Practice Book relating to summary judgments.
If the action were for unpaid rent accrued and payable under the lease, there would be no question of the claim being within the terms of the said provisions as a "debt or liquidated demand in money." Such an action would cover the rent unpaid and damages due as of the time of the bringing of the action as well, upon due notice, as all instalments which might remain unpaid at the time of the judgment. General Statutes § 7982; Berner
v. Manning, 7 Conn. Sup. 247, 248.
The instant action, however, is for damages for the alleged breach of a lease. The question, therefore, arises whether such an action for damages for the breach of a contract falls within the scope of a "debt or liquidated demand in money" arising out of an express contract, within the meaning of § 52 (first) and (second) of the Practice Book.
These words occur in a remedial statute and while they ought not to be given a constricted interpretation, yet they ought not to be stretched to include causes of action outside the main purpose of the enactment of the rule. An examination of the purpose and scope of § 52 (first) and (second) discloses that the instant action is not properly within the operation of the summary judgment remedy.
For a general history of the adoption of the summary judgment remedy in Connecticut see Clark, "The New Summary Judgment Rule in Connecticut," 15 American B. A. J. 82; Clark, "The New Summary Judgment Rule," 3 Conn. B. J. 1; and Clark and Samenow, "The Summary Judgment," 38 Yale L.J. 423, 440. *Page 37 
Section 52 (first) and (second) were modeled essentially upon the corresponding provisions of the English and Ontario rules and in part or whole upon the New York rules, with some change of phraseology. 3 Conn. B. J. 1, 3; 15 American B. A. J. 82, 84.
In "The Summary Judgment," 38 Yale L. J. 423, an exhaustive article considering the rules and decisions concerning summary judgment procedure in the jurisdictions where it had already been adopted, in discussing the scope of the provisions of the English and Ontario rules from which § 52 (first) and (second) of the Practice Book were derived, it is stated, (p. 426): "As to actions on contracts, the claim must be liquidated; claims for unliquidated damages cannot be specially indorsed. This follows, of course, from the requirement that the action be one to `recover a debt or liquidated demand in money.'"
And again on page 426, note 11, where numerous supporting authorities are cited, on definitions of "debt" and "liquidated demand," it states: "That the claim be liquidated is the central requirement of the summary procedure."
And again in discussing the scope of the rule on summary judgments, under the New York rules, corresponding to the provisions in question in the instant case, the article states (p 446): "The contract sued upon must give rise to a `debt or liquidated demand,' actions sounding in damages being regarded as without the scope of the summary remedy."
The damages sought in the present action are unliquidated.
In Rifkin v. Safenovitz, 131 Conn. 411, in holding that the action was within the term of "a liquidated demand in money" arising on a "contract," under § 52 of the Practice Book, a liquidated sum was defined (p. 414) as one "susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in the possession or knowledge of the party to be charged," citing cases.
In Cochrane v. Forbes, 267 Mass. 417, 420, cited as one of the authorities for the doctrine in the preceding paragraph, it was further stated in connection with the above: "Unliquidated damages are those which cannot thus be made certain by one of the parties alone." *Page 38 
In the instant case, it seems clear that the defendant, as the party to be charged, would not be able alone to compute the damages because lacking the knowledge of the amount which the plaintiff, having undertaken to re-rent the premises, has received or should receive as fair value for the rental of the unexpired balance of the term of the lease.
Such factors, when in dispute, would require the presentation of evidence and the opportunity of cross-examination.
Also, the fact that the plaintiff has undertaken to re-lease the premises to a third party "in an endeavor to mitigate its damages" as alleged in the bill of particulars, would indicate that the damages prayed for by the plaintiff are unliquidated. Cf.State Realty Co. v. Post, 206 N.Y.S. 713, 714; SagamoreCorporation v. Willcutt, 120 Conn. 315, 318.
"A claim for unliquidated damages for breach of contract, not reduced to judgment, does not ordinarily constitute a debt." 17 C. J. 1378, § 5(2) at note 3.
Neither does it appear that the summary judgment remedy would be appropriate in this case on any theory that the unliquidated damages became partially liquidated and fixed up to the time of the date of the affidavit, May 26, 1950.
The cause of action in the instant case being for a breach of contract, is single and entire, not multiple and several. The defendant notified the plaintiff he would not continue as a tenant under said lease and thereby breached said lease. The plaintiff re-leased the premises in order to "mitigate its damages." The suit is not for rent under the lease but for damages for breach of it. It follows that the repudiation was of the entire contract and the breach a total one justifying the plaintiff recovering damages which would naturally follow. See SagamoreCorporation v. Willcutt, supra, 320.
The measure of damages for such total breach is the difference between the rental specified in the lease and the reasonable rental value of the premises for the remainder of the term. SagamoreCorporation v. Willcutt, supra, 317, 319.
"The law does not permit the owner of a single or entire cause of action or an entire or indivisible demand ... to divide or split that cause or demand so as to make it the subject of several actions. The whole cause must be determined in one action. If suit is brought for part of a claim, a judgment obtained *Page 39 
in that action precludes the plaintiff from bringing a second action for the residue of the claim... The rule is founded upon the plainest and most substantial justice — namely, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits." 1 Am. Jur. 480, § 96. The principle that a judgment for a part of an entire demand is a bar to any other suit for another part of the same demand is everywhere inflexibly maintained. Burritt v. Belfy, 47 Conn. 323,325.
Notwithstanding that plaintiff's damages, on the total breach of the lease may be based upon the entire balance of the term of the lease made with the defendant, the plaintiff in its affidavit has computed its damages on the basis only of the time elapsed up to the date of the affidavit, deducting the amounts received upon the re-letting to the third party. This computation would appear consistent with the view that in the instant case, there has been only a partial breach, that is of the covenant to pay rent for the instalments which have become payable to the date of the affidavit (May, 1950) instead of the balance of the term of the lease (August, 1958).
If the affidavit has been prepared on the basis of a partial breach, it must be assumed that the plaintiff intends to bring actions for instalments of rent claimed to become payable in the future or that the plaintiff may apply for a further or supplemental summary judgment in the instant action, if permissible under the procedure.
Insofar as the present action is concerned, if the plaintiff may not split up the single and entire cause of action set forth in the present action so as to make it the subject of several actions, neither should the same result essentially be achieved by securing judgment for part of the entire claim now and later seeking further judgment for the balance of the claim, whether upon a severance of the claim (§ 54 of the Practice Book) or on the basis that the unliquidated claim set forth in the complaint and bill of particulars has been rendered partially liquidated with the passage of another definite period of time.
The reasons that there should be an end to litigation and that no person should be unnecessarily harassed with a multiplicity of suits, upon which is based the rule against splitting up a single and entire cause of action would seem equally sound and cogent to invalidate any procedure permitting partial recoveries on a single and entire cause of action. *Page 40 
Attention is called to what appears to be an error in the date of "January 1, 1949" in lines 3 and 4 of paragraph 5 of the bill of particulars and in line 4 of paragraph 6 of the affidavit, which apparently is meant to be January 1, 1950.
It is concluded, therefore, that the plaintiff's cause of action is not within the scope of the stated provisions relating to summary judgment.
 The motion of the defendant is granted striking out the motion and affidavit for summary judgment of the plaintiff. In the event the motion to strike should be considered as improper or inapplicable under the rules relating to summary judgment, the foregoing reasons may be considered as the basis for a denial of the motion for summary judgment.