THE MORSE COLLEGE, INC. *v.* THE COMMERCIAL CREDIT CORPORATION

SUPERIOR COURT　　　　HARTFORD COUNTY　　　　FILE NO. 88451

Memorandum filed January 27, 1953.

*John P. Harbison,* of Hartford, for the Plaintiff.

*Richard T. Scully,* of Hartford, for the Defendant.

ALCORN, J. The plaintiff seeks to recover rent under a written lease. In a special defense and counterclaim the defendant alleges the premises to be untenantable. It is undisputed that on December 10, 1947, the defendant entered into a written lease with the plaintiff's predecessor in title by which the defendant leased office space for forty months from January 1, 1948, at a monthly rental of $175, payable in advance; that the lease was assigned to the plaintiff incidental to its purchase of the building on January 3, 1949; and that the defendant occupied the leased premises and paid the rent from January 1, 1948, to November 1, 1949, inclusive.

On November 4, 1949, the defendant sought a release of the lease which plaintiff refused. On November 15, 1949, the defendant, through its attorney, notified plaintiff in writing that it considered the premises untenantable due to excessive noise, and danger of injury to employees because of the defective condition of the premises, and that it would not occupy the premises effective December 1, 1949, nor pay rent so long as the alleged untenantable condition existed. On November 30, 1949, the defendant vacated the premises and they thereafter remained vacant to the end of the term on April 30, 1951, no rent being paid. Plaintiff consistently denied that the premises were untenantable and demanded the rent.

The question as to whether or not premises are untenantable within the meaning of General Statutes, §7108, is a factual one, depending upon the situation of the parties, the character of the premises, the use to which the tenant intends to put them, and the nature and extent by which the tenant's use of the premises is interfered with by the injury claimed. *Reid* v. *Mills,* 118 Conn. 119, 122; *Hayes* v. *Capitol Buick Co.,* 119 Conn. 372, 378.

The defendant's complaints on the trial were (1) that the premises were noisy, (2) that janitor service was poor, and (3) that a lighting fixture fell. The light fixture fell on October 25, 1949, and was repaired the same afternoon. This gave the defendant no right to terminate the lease. *Hayes* v. *Capitol Buick Co.,* supra, 376. There is no proof of any other structural defect in the premises. The complaint as to the janitor service amounted principally to the claim that the premises were not properly dusted. There is no proof that this rendered them untenantable but, even so, the lessor hired a new janitor in August, 1949, because of the lessee's complaints and thereafter the complaints on this score ceased. The complaint of noise had to do with the movement of students of the school which the plaintiff conducted in the building. This involved conditions which had existed before and throughout the lease term and concerned itself principally with the few minutes between classes or when students entered or left the building. It did not render defendant's premises untenantable.

The plaintiff is entitled to recover the rent for seventeen months at $175 per month, totaling $2975, with interest thereon from December 1, 1949, amounting to $565.26. *Sagamore Corporation* v. *Willcutt,* 120 Conn. 315.

Enter judgment for the plaintiff to recover $3540.26 damages.