Allen Hayes et al. *v.* Frank Oliver

Appellate Session of the Superior Court

File No. 352

Argued June 16—decided September 16, 1977

*Thomas B. Wilson,* for the appellants (plaintiffs).

*Martin Zeldis,* for the appellee (defendant).

Per Curiam. In this summary process action the plaintiffs sought to dispossess the defendant from a certain mobile home which he occupied on their land. Although the complaint included counts of wrongful entry and of nuisance, those counts were withdrawn at trial and the plaintiffs proceeded on the second count only, which alleged various breaches of an agreement permitting the defendant to occupy the mobile home for his lifetime for an agreed monthly rental. The trial court rendered judgment for the defendant because he had a life use in the property but found that he was obligated to pay the plaintiffs the rent of $45 per month from November, 1975. The plaintiffs have appealed claiming error in the finding that the defendant had a life estate and in the failure to find that any such estate had terminated because of nonpayment of the agreed rental.

The second count of the complaint relies upon a stipulation recited in court for the purpose of settling an earlier summary process action between the same parties. That stipulation expressly mentioned that the defendant was to have a life use of a specific portion of the plaintiffs' land, the location and dimensions of the parcel to be agreed upon

later. The second count of the complaint alleged that there was an agreement "to permit the defendant to occupy the mobile home for the term of his life." We can perceive no substance in the argument of the plaintiffs that the failure to formalize this agreement with an actual conveyance as contemplated, apparently because of a disagreement about the location of the parcel of land to be occupied by the defendant, wholly deprived him of his rights as a tenant for life.

The alternative claim of the plaintiffs, that any life use of the defendant had terminated because of his failure to pay the rent as agreed, overlooks the fact that the stipulation relied upon did not provide for termination of the life use for nonpayment of rent. "[A]part from statute or express provisions of the lease, the tenant's nonpayment of the rent or other breach of covenant will not justify his eviction by the landlord." *In re Edgewood Park Junior College, Inc.*, 123 Conn. 74, 77. The obligation of the defendant to pay the rent was an independent covenant the breach of which would not result in termination of the defendant's life estate.

Since the defendant had a "right or privilege to occupy" the premises which had not terminated, the trial court properly denied the plaintiffs the judgment for possession sought in this summary process action. General Statutes § 47a-26.

There is no error.

HEALEY, PARSKEY and D. SHEA, Js., participated in this decision.