[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action plaintiff seeks to evict defendant for non payment of rent. For the reasons set forth below judgment shall enter for the plaintiff.
On August 11, 1992, plaintiff initiated this action by serving a notice to quit possession addressed to:
 Brignole Bowen a/k/a Brignole and Associates c/o Timothy Brignole
CT Page 4950
On March 28, 1989, plaintiff Ten Granby Town Center Corporation entered into a lease with Brignole Bowen for the premises at 10 Hartford Avenue consisting of approximately 2,000 square feet of office space. The agreed rent was approximately $2,500 per month. By its terms the lease binds the successors and assigns of Brignole Bowen and requires the tenant "[t]o . . . operate its business in the Leased Premises under Tenant's Name or such other Professional Name provided in Section 1.1" of the lease. Although Brignole Bowen was thereafter dissolved, Brignole Associates took occupancy of the premises in May, 1990. Neither Brignole Bowen nor Brignole Associates ever formally notified plaintiff that Brignole Associates was the occupant of the premises or the successor to Brignole Bowen under the lease. Neither Brignole Bowen nor Brignole Associates has paid any rent under the lease.
Plaintiff is a corporation whose stockholders include Timothy Brignole. As part of Brignole's stock purchase agreement with plaintiff, plaintiff was to have paid Brignole Bowen certain monies each month. According to Timothy Brignole, plaintiff stopped making such payments, and he, in return, ceased paying rent. Meanwhile, plaintiff defaulted on its mortgage. Springfield Institution of Savings is the mortgagee in possession and brings this action in the name of Ten Granby Town Center Corporation.
Plaintiff has successfully proved the allegations in its complaint. The remaining question is whether defendant has sustained any of its special defenses. Each will be considered seriatim.
Defendant's first special defense alleges that there is no written lease between Brignole and Associates. This claim is without merit. Brignole and Associates is the successor entity to Brignole Bowen. Brignole and Associates took occupancy of the premises even after the dissolution of Brignole Bowen. Brignole Associates never provided notice, however, to plaintiff that it, and not Brignole Bowen, was the occupant of the premises. Defendant's claims to the contrary are simply not credible. Robert C. White Co. v. Mullins,196 Conn. 614 (1985).
In light of Brignole Associates having taken occupancy of the premises even though Brignole Bowen is named as the CT Page 4951 tenant, and having failed to notify plaintiff that it occupied the premises, it is estopped from claiming that plaintiff has not named the correct party. Currie v. Marano, 13 Conn. App. 527
(1988). Further, to the event that defendant alleges that the wrong defendant is named in this case, and that Brignole Associates should not be bound by this judgment, its proper remedy is to seek a claim of exemption. General Statutes Sec.47a-26h. No such claim has been filed in this case.
Defendant's second special defense alleges that Brignole and Associates is relieved of paying rent because plaintiff Ten Granby Town Center failed to make its required payments under the stock purchase agreement. Defendant's argument is wide of the mark. First, defendant has not provided any authority, nor has the court discovered any, that holds that a tenant is excused from paying rent if the landlord defaults on an obligation which is not part of the rental agreement. Second, the lease itself does not impose on plaintiff the obligation to make any payments to defendant. Even if it did, the covenants in a commercial lease are independent, such that plaintiff's breach of a covenant would not excuse defendant's breach. In re Edgewood Park Junior College, Inc., 123 Conn. 76 (1937). For these reasons defendant has failed to sustain its second special defense.
Defendant's third special defense alleges that Brignole Bowen never took possession of the premises and was dissolved in 1989. For the reasons set forth in the discussion of defendant's first special defense, the third special defense is without merit.
Defendant's fourth special defense was withdrawn at trial. Defendant's fifth special defense is a variation on the third special defense; it alleges that this case was brought against Brignole Bowen, a partnership now dissolved. This special defense is overruled for the reasons set forth in denying the first special defense.
Defendant's sixth special defense alleges that no certificate of occupancy was issued for the premises, thereby excusing the non-payment of rent. In fact a permanent certificate of occupancy was issued on July 14, 1992, prior to the service of the notice to quit alleging non-payment of August, 1992, rent. The sixth special defense is therefore not sustained. CT Page 4952
For the foregoing reasons, judgment is for the plaintiff.
SO ORDERED:
Holzberg, J.