[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This an application for a prejudgment remedy. The plaintiff lessor has brought an action for damages against the defendant for breach of a lease for commercial premises. The court finds that there is probable cause that on December 6, 1996, the defendant and the plaintiff's predecessor in title entered into a lease for the subject premises for a five year term, commencing December 9, 1996 and ending December 8, 2001. Pursuant to the terms of the lease, the plaintiff's predecessor in title was to complete certain repairs or improvements to the premises. However, the lease did not contain a time period within which the plaintiff was to "complete" the repairs. A reasonable time, therefore, was implied. Breen v. Phelps, 186 Conn. 86, 93,493 A.2d 1066 (1982). The defendant had the right to terminate the lease within sixty days if it "fail[ed] to obtain the necessary permits and/or zoning approvals needed to use the Premises for the purposes" described in the lease. The lease called for a total rental over the full term of the lease of $124,800.00 to be paid in monthly sums of $2,000.00 from December 9, 1996 to December 9, 1999.[1] The defendant paid a $4,000.00 security deposit plus $2,000.00 in December, 1996 but never occupied the premises. The defendant did not pay rent for the months of January to April, 1997, inclusive. One of the defendant's principals testified that no rent was paid because the defendant could not occupy and operate a business without the plaintiff making the repairs required under the lease. In May, 1997, the defendant tendered a rent payment which was refused and returned. On August 14, 1997, the plaintiff commenced a summary process action against the defendant. That action was dismissed by agreement on September 9, 1997. On September 19, 1997, the plaintiff commenced another summary process action against the defendant which resulted in a judgment, after trial, of possession for the plaintiff. This action for damages was commenced on August 28, 1997. CT Page 621
"General Statutes § 52-278d (a) provides that a trial court may issue a PJR if it determines that there is `probable cause to sustain the validity of [the plaintiff's] claim.' It is firmly established that the trial court's hearing in probable cause is not intended to be a full scale trial on the merits of the plaintiff's claim. `The plaintiff does not have to establish that the will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. . . ." (Internal quotation marks omitted.) Calfeev. Usman, 224 Conn. 29, 37, 616 A.2d 250 (1992) Probable cause
for purposes of the PJR statutes is a flexible common sense standard that does not demand that a belief be correct or morelikely true than false. Goodwin v. Pratt, 10 Conn. App. 618, 621,524 A.2d 1168 (1987)." (Emphasis added.) Fischel v. TKPK, Ltd.,34 Conn. App. 22, 24, 640 A.2d 125 (1994). "`In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiff's claim. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities.' (Citations omitted; internal quotation marks omitted.) Haxhi v. Moss,25 Conn. App. 16, 18-19, 591 A.2d 1275 (1991); E.J. Hansen Elevator, Inc. v.Stoll, 167 Conn. 623, 628-30, 356 A.2d 893 (1975). Civil probablecause constitutes a bona fide belief in the existence of thefacts essential under the law for the action and such as wouldwarrant a person of ordinary caution, prudence and judgment,under the circumstances, in advancing the action. One FawcettPlace Ltd. Partnership v. Diamandis Communications, Inc.,24 Conn. App. 524, 525, 589 A.2d 892 (1991)." (Emphasis added.)Tyler v. Schnabel, 34 Conn. App. 216, 219, 641 A.2d 388 (1994).
A substantial part of the defendant's defense is that the plaintiff failed to comply with paragraph 33 I vii which provides: "Only if required by the building department of the town of Branford Landlord will improve the lavatories to meet the building code in order for tenant to occupy the Premises. . . ." One problem with this defense is that the present state of the law is that covenants in a commercial lease are independent of each other. In re Edgewood Park Junior College, Inc.,123 Conn. 74, 77, 192 A. 561 (1937); Sagamore Corporation v. Willcutt,120 Conn. 315, 319, 180 A. 464 (1935); Greenwich Plaza v. Whitman Ransom, Superior Court, judicial district of Stamford/Norwalk at CT Page 622 Norwalk, Docket No. CVNO 9505-4081 (March 19, 1996); Dornfeld v.Hom, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. SPH 9101-58760 HD (April 2, 1991). Because a lease is today construed as a contract rather than as a conveyance of an estate; Greenwich Plaza v. Whitman Ransom,
supra; Dornfeld v. Hom, supra; this doctrine is ready to fall if persuasively challenged on appeal. Cf. Hatcho Corporation v.Della Pietra, 195 Conn. 18, 20, 485 A.2d 1285 (1985) (In the construction of a lease the intention of the parties is controlling). Whether covenants are dependent or independent ought to be a question of contractual intent. However, "[i]t is axiomatic that a trial court is bound by Supreme Court precedent. . . . This principle is inherent in a hierarchical judicial system." (Citations omitted.) Jolly, Inc. v. ZoningBoard of Appeals, 237 Conn. 184, 195, 676 A.2d 831 (1996).
Another problem with the defendant's claims that the plaintiff failed to perform the repairs enumerated in paragraph 33I of the lease is the lease itself. "[A] lease must be construed as a whole and in such a manner as to give effect to every provision." Robinson v. Weitz, 171 Conn. 545, 551,370 A.2d 1066 (1976). Paragraph 33K of the lease provides: "Tenant shall have the right to terminate this Lease if Tenant, within 60 days of the date of this Lease, fails to obtain the necessary permits and/or zoning approvals needed to use the Premises for the purposes described in paragraph 2 above. Tenant shall terminate this Lease by notifying Landlord in writing of its inability to obtain said approvals prior to the expiration of said 60 days. Upon receipt of said notice, this lease will terminate and the parties hereto will be released of all liabilities and obligations hereunder and all security deposits will be returned to Tenant. Tenant will diligently pursue the obtaining of said approvals." While the defendant claims that the repairs required in paragraph 33I of the lease were necessary in order for it to obtain necessary permits, it did not terminate the lease within sixty days of its date. Nor is there evidence that it diligently attempted to obtain the necessary permits or approvals. Finally, the defendant did not adduce such proof of constructive eviction as to militate a finding of probable cause. As so often is the case, "there [are] numerous questions remaining to be resolved at the trial with respect to both the factual and legal efficacy" of the plaintiff's claims but, for now, "these questions d[o] not militate against a finding of probable cause." Three S.Development Co. v. Santore, 193 Conn. 174, 178-179, 474 A.2d 795
(1984). CT Page 623
Therefore, the defendant was required to pay rent in accordance with the terms of the lease. The defendant did not pay its rent; it, therefore, breached its lease.
"When the lessee breaches a lease for commercial property, the lessor has two options: (1) to terminate the tenancy; or (2) to refuse to accept the surrender. Sagamore Corporation v.Willcutt, 120 Conn. 315, 317-18, 180 A. 464 (1935); DewartBuilding Partnership v. Union Trust Co., 4 Conn. App. 683, 687,496 A.2d 241 (1985). Where the landlord elects to continue the tenancy, the may sue to recover the rent due under the terms of the lease. Under this course of action, the landlord is under no duty to mitigate damages. Dewart Building Partnership v. UnionTrust Co., supra. When the landlord elects to terminate the tenancy, however, the action is one for breach of contract;Sagamore Corporation v. Willcutt, supra; and, when the tenancy is terminated, the landlord is obliged to mitigate his damages.Dewart Building Partnership v. Union Trust Co., supra." Rokalor,Inc. v. Connecticut Eating Enterprises, Inc., 18 Conn. App. 384,388, 558 A.2d 265 (1989).
Effective October 1, 1997; General Statutes § 2-32; "[i]fa landlord terminates a residential or commercial tenancy on the grounds that a tenant committed a breach of the rental agreement and the landlord brings an action for damages for the breach . . . [t]he landlord shall be obligated to mitigate damages." (Emphasis added.) Public Act No. 97-231 § 1. "`In a breach of contract action, the defendant bears the burden of proving that the plaintiff failed to exercise reasonable care to mitigate damages. Preston v. Keith, 217 Conn. 12, 20-21 n. 9,584 A.2d 439 (1991); Newington v. General Sanitation Service Co.,196 Conn. 81, 86, 491 A.2d 363 (1985).' Lynch v. Granby Holdings,Inc., 37 Conn. App. 846, 850, 658 A.2d 592 (1995), certification improvidently granted, appeal dismissed, 235 Conn. 941,669 A.2d 578 (1996). While there is a divergence of opinion among the jurisdictions concerning the allocation of the burden of proof on this issue; see Annot., 21 A.L.R.3d 534 § 12; this is the rule that prevails in Connecticut since the statute does not provide otherwise." DeMatteo v. Villano, Superior Court, Judicial District of New Haven, Housing Session, No. CVNH 9604-7493 (July 10, 1997). However, for most of 1997, during which the plaintiff claims damages, this new public act was not in effect.
The plaintiff proved that rent in the amount of $24,231.38 CT Page 624 was owed through November, 1997. The defendant claims in its brief that it is at least entitled to a set-off in the amount of its security deposit. The court agrees. See General Statutes § 4a-21 (d)(2).
The plaintiff also claimed damages for the cost of the repairs it performed pursuant to paragraph 33 I. "The general rule in breach of contract cases is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as the would have been in had the contract been performed." (Citations and internal quotation marks omitted.) West Haven Sound Development Corp. v. West Haven,207 Conn. 308, 317, 541 A.2d 858 (1988). The plaintiff was contractually obligated to perform the repairs. The plaintiff has presented no authority for the proposition that it may recover damages for what it contracted to do.
Finally, the plaintiff seeks attorneys' fees for this action and the prior summary process action which resulted in a judgment of possession for the plaintiff. Under the lease, the is entitled to such damages. Although the plaintiff has not presented an affidavit of Connecticut appellate courts "have repeatedly held that `courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described.' Not only is expert testimony not required, but such evidence, if offered, is not binding on the court. Taft v. Valley Oil Co.,126 Conn. 154, 161, 9 A.2d 822 (1939); Carangelo v. Nutmeg Farms,Inc., 115 Conn. 457, 463, 162 A. 4 (1933); Gruskay v.Simenauskas, 107 Conn. 380, 387, 140 A. 724 (1928). Also see . . . Storm Associates, Inc. v. Baumgold, 186 Conn. 237,440 A.2d 306 (1982)." Piantedosi v. Florida, 186 Conn. 275, 279,440 A.2d 977 (1982). The plaintiff has requested that this court take judicial notice of the file in the summary process action between these parties and the court has done so. See Hartford v. NewYork, New England R. R. Co., 59 Conn. 250, 252-253, 22 A. 37
(1890) (court may take judicial notice of file in same court between same parties). Based on its examination of those files, and in the absence of an affidavit or detailed statement of attorneys' fees incurred,[2] the court awards the plaintiff $4,000.00 in attorneys' fees.
The court finds that there is probable cause that a judgment in the amount of $26,500.00 will be rendered in favor of the plaintiff. Therefore, a prejudgment remedy in favor of the plaintiff and against the defendant may be rendered in the amount CT Page 625 of $26,500.00.
BY THE COURT
Bruce L. LevinJudge of the Superior Court