(75 App. Div. 54.)

## WOODWORTH et al. v. HARDING.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. LEASE—TERMINATION—ACT OF PARTIES.
    After the dissolution of a partnership one of the partners remained in possession of leased premises, paying all the rent, etc. Bankruptcy proceedings were instituted against him, and the other partner agreed with the lessor that he might take such proceedings against the bankrupt as he saw fit, and agreed that, if possession were recovered, the lessor should hold the property for the benefit of the contracting partner. *Held,* that such agreement did not terminate the lease as to the partner occupying the premises.

2. SAME—NOTICE TO PAY RENT OR QUIT.
    Code Civ. Proc. § 2253, provides that the issuing of a warrant for the removal of a defendant from demised premises shall cancel the lease. *Held,* that the service of a mere demand for rent and notice to quit unless it is paid does not terminate the relation of landlord and tenant.

3. SAME—RECEIVERS OF BANKRUPT.
    The commencement of bankruptcy proceedings against a tenant, the appointment of a receiver of his property, and the taking possession of the leased premises by the receiver do not terminate the relation of landlord and tenant.

4. SAME—PAYMENT OF RENT BY RECEIVER.
    Where the receiver in bankruptcy of a tenant takes possession of the leased premises, the payment of rent by him does not operate to terminate the relation of landlord and tenant between the bankrupt and lessor.

5. SAME—TERMINATION—AGREEMENT.
    A receiver in bankruptcy took possession of premises leased to the bankrupt, and subsequently his counsel stated that he would do nothing as to the lease save to pay for the time he occupied the property, and that, if any question arose as to the rent, the court would fix it. *Held,* that there was nothing in the interview operating to release the bankrupt from his lease.

Appeal from trial term, Monroe county.

Action by Chauncey C. Woodworth and others, as executors, etc., against Bryan Harding. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

James M. E. O'Grady, for appellant.
William N. Cogswell, for respondents.

WILLIAMS, J. The judgment and order appealed from should be affirmed, with costs.

The action was brought to recover rent for the month of October, 1901, upon a lease of a building in the city of Rochester, N. Y., used as a shoe factory. The lease was made by the plaintiffs' testator to the defendants Harding and Todd for the term of 10 years commencing November 1, 1894, at the annual rent of $5,938.19, payable monthly in advance, each monthly payment being $494.85. The lessees were copartners, and occupied the property in carrying on their firm's business, until the fall of 1897, when they dissolved the co-

partnership by mutual consent. Todd went out of the property, and thereafter conducted his business in another part of the city. Harding continued to occupy the leased property, forming a new partnership with his sons, and, although Todd still remained liable under the lease for the rent, yet Harding and his new firm paid the same each month up to August, 1901. July 30, 1901, the firm of Harding & Sons made a general assignment for the benefit of their creditors to one John F. Snow. Thereafter, and on· the 2d day of August, 1901, the creditors of the firm filed a petition in involuntary bankruptcy against them, and the court in bankruptcy made an order to show cause why the assignee should not be restrained from taking possession of the assigned .property, or interfering with the same. This order was returnable August 3, 1901, and· in the meantime re-·strained all persons from acting under the assignment or interfering with the property. The order also appointed Henry R. Kirk receiver, and directed him on the filing and approval of his bond to take possession of all the property of the firm, and hold the same subject to the order of the court. The receiver's bond was approved August 6, 1901, and he at once took possession of the firm property and of the leased building in which the property was located. He remained in possession until September 20, 1901, when he turned the whole property back to Harding. There is nothing in the record to show why this was done. Presumably an arrangement was made between Harding and his creditors, resulting in an order by the court dismissing the proceeding, and directing the return of the property by the receiver. While the receiver was in possession of the leased building, he paid the rent for the months of August and September, as such receiver. On the 7th day of August the defendant Todd gave the plaintiffs, the executors of the lessor (who had died in February, 1901), a writing, whereby he authorized them to take such proceedings as they should be advised to recover the rent of the leased property due and unpaid, or to recover possession of the property, and agreeing that, in case they should recover possession, the lease should not be merged, but they should hold the property for his benefit, and any rent received by them should be applied on the lease, without prejudice to their right to recover the balance from him. Thereafter, and on August 9, 1901, the plaintiffs, by written notice, demanded of Harding & Sons and Kirk, the receiver, the rent of the property for the months of July and August, 1901,— $989.70,—or the possession of the property; but on August 15, 1901, by notice in writing, they withdrew the notice and demand of August 9, 1901. Between August 9 and 15, 1901, the receiver's counsel, Poole, had an interview with the plaintiffs' counsel, Cogswell, Sr., in the latter's office, the substance of which was that Cogswell asked Poole what the receiver proposed to do about the rent of the property, and Poole replied he would do nothing except to pay for the time he occupied the property; would make no agreement for any term or rent; if any question arose as to the rent, the court would fix it,—to which statement Cogswell did· not make any response. The receiver never had any communication personally with any one

representing the plaintiffs about the renting of the property. When the assets and property were turned back to Harding, September 20, 1901, he took possession, and began at once moving it out of the leased building, and subsequently completed moving on the 30th of September, 1901. Some few articles remained therein as late as the middle of October, very likely. Harding claims that immediately on receiving the notice and demand of·rent or possession of the leased property, August 9, 1901, he took steps to find other premises, to get ready when he should receive his property back, and went and examined and inquired as to several pieces of property. He finally moved into one of the buildings he then looked at and inquired about. There was evidence in the case tending to show that defendant Todd was in and about the leased building in the months of August, September, and October, 1901. The defendant Todd did not defend the action. His liability for the October, 1901, rent was undoubted. Harding·defended, alleging that he was relieved from liability for the rent sued for, because the lease was terminated as to him by: (1) The agreement of August 7, 1901, made by Todd with plaintiffs; (2) the notice and demand by the plaintiffs of August 9, 1901; (3) the re-leasing of the property to the receiver Kirk. At the close of the evidence the plaintiffs' counsel moved for a verdict on the grounds: (1) That no ouster had been shown; (2) that Harding remained in possession in October. A verdict was directed by the court for plaintiffs.

The defendant's counsel asked to go to the jury on the question whether or not the series of actions shown, the contract of August 7th between Todd and the plaintiffs, the notice to quit of August 9th, the attempt to withdraw the notice to quit August 15th, the communication between Cogswell and Poole, and the presence of Todd in and about the premises did not show that the plaintiffs elected to dissolve the contract between themselves and Harding, and to recognize Todd as the sole lessee and debtor under the lease. This was refused. The agreement made by Todd with the plaintiffs did not operate to terminate the lease as to Harding, or to relieve the latter from his joint liability with Todd for the rent thereunder. Todd had remained liable all along, though Harding had for years ·had sole possession, and had paid the whole rent. The general assignment made by Harding & Sons and the subsequent proceedings in bankruptcy commenced against them seemed to indicate that Harding was in such financial trouble that Todd might have the rent for July and August, which was past due, to pay. His agreement was merely to protect the plaintiffs against losing their claim against him under the lease if they should take any proceedings against Harding or the receiver, who was then in possession. The plaintiffs could safely rely on Todd's liability, and compel him to pay the rent. If they saw fit to make an effort to collect from Harding or the receiver, it was very proper Todd should protect them from any loss of remedy against him for the rent, especially if the premises should chance to fall into the plaintiffs' hands as a result of their efforts. The agreement in no·way affected Harding or his liability for the rent. It did not release

him from future liability under the lease. The notice of August 9th to pay the July and August rent or quit did not operate to oust Harding of possession under the lease, or to relieve him from liability thereunder. No proceedings for removal of Harding or the receiver from the premises were commenced, and a few days thereafter the notice was withdrawn. Section 2253 of the Code of Civil Procedure provides that the issuing of a warrant for the removal of a defendant from demised premises cancels the lease under which they were held, and annuls the relation of landlord and tenant, but it has never been supposed that a mere demand of rent and notice to quit, unless the rent was paid, had any such effect. Except as modified by the provision of the Code of Civil Procedure above referred to, the rule is that "the tenant is not released from his obligation to pay rent unless he has been deprived in the whole or in part of the possession of the premises either actually or constructively." Chaplin, Landl. & Ten. § 574, p. 501. A demand of rent or notice to surrender premises if not paid does not in and of itself in any way interfere with the possession of the premises by the tenant, does not constitute an eviction actual or constructive. The commencement of the proceedings in bankruptcy against Harding and the appointment of a receiver of his property, which included his interest in the leased property, and the taking possession thereof by the receiver, in no way operated to relieve Harding from his liability to the plaintiffs under the lease. The receiver represented Harding as well as his creditors. The receiver held the property subject to the order of the court, and was finally ordered, apparently, to return it to Harding. He held the leased premises, as well as the assets located therein, and when he returned the property to Harding he returned his interest in the lease with it. Harding could insist, as against the plaintiffs, that his rights under the lease had not been taken from him by the bankruptcy proceedings, which had terminated in a return of the property and building to him. And the plaintiffs could insist their rights in the lease against Harding had not been taken away by the appointment of the receiver, the taking possession of the property by him, the holding possession until the termination of the proceedings, and the returning of the property and the leased building to Harding. Nor did the payment of rent by the receiver while he occupied the property change the result. So long as he paid the rent, he could not be evicted from the property. By operation of the law he held whatever right Harding had in the lease, and that was the right to remain in possession so long as he paid the rent. His payment of rent was for Harding as well as the creditors, because he represented both. The proof does not show any new lease was made by the receiver with plaintiffs. He declined to make any. He held and claimed to hold as receiver, and only said he would pay rent while he remained in possession, under the direction of the court, as to the amount, if there was any disagreement. There was nothing, in our view of the case, connected with or growing out of the bankruptcy proceedings or the receivership thereunder, or the payment of rent by the receiver, or the interview between counsel for the receiver and

counsel for plaintiffs that operated in any way to release the defendant Harding from his liability to pay rent under the lease. There was, under the evidence, no question, as to Harding's liability for the rent sued for, to be submitted to the jury.

The judgment was properly directed for the plaintiffs, and should be affirmed, with costs. All concur.