An examination of the Records and Briefs of the Supreme Court (May Term, 1943) and of the Connecticut Reports (130 Conn. 284), discloses that litigation between the parties to this action is not a new experience.*
In the earlier case the now plaintiff was party defendant and the now defendant was plaintiff. The subject matter of that action, tried in the Superior Court for this county in 1942, and reviewed in the Supreme Court in 1943, was of a different character than that herein involved. The general subject matter of both cases seemingly indicates that feelings have run high between the parties as a result of differences arising out of a former relationship between them of lessor and lessee. The history of previous litigation is of course not germane to the narrow issues of law and fact presented by the case now before the court for adjudication.
Plaintiff in this action sues to recover damages for an alleged conversion by defendant of an electric heater. The complaint alleges title to the personal title in plaintiff and that on April 1, 1940, plaintiff loaned it to defendant and thereafter upon demand by plaintiff for its return "defendant refuses *Page 410 
and neglects to return same and thereby has converted the same to her own use."
It is conceded that on April 1, 1940, defendant made use of plaintiff's electric heater to avoid the freezing of water pipes in a diner in which she was then conducting a restaurant business and which was located on property of plaintiff. So also it is conceded that the heater was loaned to defendant by plaintiff for this purpose. At the time of the "loan" nothing was said by the parties concerning compensation for use, present or future, or when the heater was to be returned. The court finds that the loan was a gratuitous one, plaintiff not expecting to charge for its use and defendant not expecting to be billed for its use. The court further finds that although defendant did not offer to return the heater before events hereinafter considered, she nevertheless was in a position at all times to return the heater and would have done so upon demand.
The evidence is not clear as to how long defendant actually made use of the heater. In any event plaintiff did not ask defendant for its return prior to January, 1943. The only demand made by plaintiff upon defendant for the return of the heater was in the form of an attorney's letter addressed to defendant some few days before January 13, 1943, and on the latter date a bill was mailed to defendant by plaintiff's attorney as follows:
"To one electric heater .................... $ 24.00
 "To use of same from April 1, 1940 to date at the rate of fifty cents per day ............. 485.00 ------- $509.00"
It further appears in evidence that on February 3, 1943, the heater was in fact returned to and accepted by plaintiff's attorney on delivery of defendant. This action was subsequently instituted by writ, summons and complaint dated February 5, 1943, served on the 15th day of that month, and returned to court on the first Tuesday of March, 1943.
The court finds that at the time of plaintiff's first and only demand for the return of the heater and the billing of January 13, 1943, the heater was then stored away in defendant's garage and had not been used by her for a considerable time prior thereto. The court further finds that defendant returned the heater to plaintiff's attorney (February 3, 1943) within a *Page 411 
sufficiently reasonable time after demand upon her, having in mind that she was working long hours daily, that the exact whereabouts of the heater had to be determined in the garage where it was stored, and that her father was dying at the time and required attention. The court cannot find from the evidence an absolute refusal on the part of defendant to return the heater upon demand, but does find, conversely, a return upon demand within a reasonable time after it was made and in view of existing circumstances. See Restatement, Torts,
§ 238.
The court concludes that there was no conversion by defendant of plaintiff's electric heater. Consequently a consideration of the question of damages drops out of the case. For the purpose of other cases of this character in which counsel may be engaged in the future the court makes reference to the case of Barker vs. Lewis Storage Transfer Co.,78 Conn. 198, on the general subject of damages in a case of proven conversion.
In Slosberg vs. Callahan Oil Co., 125 Conn. 651, 654, it is pointed out that the leading Connecticut case on the law of conversion in which many of the older cases are reviewed is that of Coleman vs. Francis, 102 Conn. 612. On page 615 of the latter case there is a quotation of the definition and description of a "conversion" given by Justice Torrance inGilbert vs. Walker, 64 Conn. 390, 394, frequently given by trial judges of the past two generations in their charges to juries. The quotation is immediately followed by a discussion of the two general classes of cases into which conversions are grouped — "(1) those where the possession is originally wrongful, and (2) those where it is rightful." Page 616 points out that the second class of cases is divided into one of three groups: (a) "where the possession, originally rightful, becomes wrongful by reason thereafter of a wrongful detention", (b) or "a wrongful use of the property", or (c) "the exercise of an unauthorized dominion over the property"; and that a demand for return is not required in the first class of cases and in the second and third groups of the second class,but is required in the first groups of the second class. "In the first group [of the second class], since the possession is rightful and there is no act of conversion, there can be no conversion until the possessor refused to deliver up the property upon demand." Page 617, referring specifically to the first *Page 412 
group of the second class into which the case at bar falls, if at all, it is said that conversion can only be shown "(2) by refusal to deliver up the property after demand, and in this way exercising an unlawful dominion over the property."
Defendant in the case at bar, originally having rightful possession and acting in no way adverse to plaintiff in respect thereto, and having returned the electric heater to plaintiff within a period of time found to be reasonable after demand by plaintiff and before the action was instituted, cannot be found to have "converted the same to her own use" as alleged in the complaint. The accepted subordinate facts preclude a finding and conclusion of conversion on the part of defendant.
Additional observations fortifying the conclusion herein reached might be made: after an act of conversion has taken place and become complete, a return of the property by defendant is not a bar to the action (65 C.J., Trover and Conversion,
§ 111, p. 68); but where, as here, defendant originally had rightful possession of the property of plaintiff as a gratuitous loan and complied with plaintiff's demand for its return before the action for conversion had been instituted, bars recovery (Id. § 84, p. 52).
 The issues are found for defendant. Judgment may enter for defendant to recover her costs.