OPINION OF THE COURT
Shanley N. Egeth, J.
This action seeks specific performance of an option agree *1038 ment for the purchase of defendants’ stock in the co-operative corporation which owns and operates the building in which plaintiff has subleased a co-operative apartment. The action was tried before this court without a jury by submission following consummation of an oral stipulation as to relevant facts made in open court.
RELEVANT FACTS
The following facts are found to be relevant to a disposition of the action. On December 20, 1976, the parties entered into a two-year sublease of the defendants’ co-operative apartment (No. 26F at 303 East 57th Street, New York City). On December 30, 1976, the same parties executed a separate letter option agreement, upon which this action is based. Said agreement reads in pertinent part as follows:
"I understand that you are now giving me an option to purchase your shares in Excelsior 57th Corp., the corporation which is the owner of the premises and the lessor under the proprietary lease, which option may be exercised at any time during the term of the lease for the sum of $35,000.00.
"In order to exercise the option, it must be in writing and addressed to you at your then current home address and shall undertake to make the purchase on the above terms with the closing of title to take place not later than January 6, 1979.
"In addition, the notice of intention to exercise must initially be given at least sixty days before the end of the term on January 6, 1979.”
Plaintiff entered into possession of the apartment and thereafter frequently failed to make timely payment of rent. On September 27, 1978, a date upon which there was an accrued rent delinquency outstanding, the plaintiff purported to exercise the option to purchase the stock via a telegram, concededly received, which read as follows: "I wish to exercise the option to buy apartment please advise.” Thereafter by letter dated October 27, 1978, plaintiff wrote: "This is to inform you that I wish to exercise my option to buy apartment 26F in 303 E. 57th Street. This option was part of the lease arrangement and this will serve as notice to buy. I am willing to exercise the option as soon as possible”.
Subsequent thereto, on December 21, 1978 the defendants caused the transmittal of a three-day notice of nonpayment of rent, containing a demand for payment of a $6,000 delin *1039 queney. In response, the next day plaintiff deposited the said sum in the bank account specified by the defendants. On December 29, 1978 a summary proceeding based upon nonpayment of rent was commenced in the Civil Court, Borough of Manhattan. This proceeding was discontinued after the defendants learned of the rent deposit which they accepted.
CONTENTIONS
The defendants insist that, based upon the facts set forth herein, the option expired without valid exercise. Initially, they claim that irrespective of timely delivery of the telegram, the telegram did not constitute valid option exercise. More importantly, they vigorously contend that the option agreement could not be exercised at a time when the tenant was in default in rent payments due under the lease.
NOTICE
This court holds that if the option was exercisable, the communications transmitted by plaintiff constituted a valid exercise thereof. There is no need to dwell at length upon the requisites of a proper notice. No special form or words were necessary to constitute a proper written notice under the agreement. All that was required was that it clearly apprise the defendants of a binding intent to exercise it within the time prescribed. In the context of their relationship the telegram did that. The use therein by a layman of the term "apartment” rather than "stock” is inconsequential. The import of the telegram was clear and unambiguous without any necessity of clarifying resort to the more explicit subsequent explanatory letter.
RIGHT TO EXERCISE OPTION DURING RENT DEFAULT
The major issue raised in this case is whether the right to exercise the option remained unimpaired during a period of lease rental default. The defendants strenuously assert the gross inequity of a construction of the option which permits exercise despite substantial default in the lease rent payment obligation. Despite its superficial appeal, this argument is not legally determinative of the rights of the parties hereto.
The issue raised herein does not appear to have been determined by any court in this State for more than a century. In 1852, in Tracy v Albany Exch. Co. (7 NY 472, 475) the *1040 Court of Appeals determined a similar, but not precise question when it held that a right of first refusal to renew a lease was an exercisable option at a time when the tenant was in arrears in rent. There, the court stated (p 475) that: "the covenant being independent, the liability of the defendant for the breach of the covenant in question [the right to renew] remained. The payment of the rent was not a condition precedent to the right of the plaintiff to a renewal of the lease under the covenant, and he might bring his action for a breach of it, although he was guilty of a default in the payment of his rent or performance of his covenant. (Dawson v. Dyer, 5 Barn. & Ad. 584.)” Similar reasoning induced the United States District Court to enforce an option agreement despite nonperformance of other provisions contained in the very same lease instrument. (Matthews Slate Co. v New Empire Slate Co., 122 F 972, 981.) The court held that the covenants were independent, and absent any express provision vitiating or suspending option exercise rights in the event of nonperformance of a different lease term, the court had no authority to interject such a provision into the agreement. (See, also, Giblin v Sudduth, 300 SW2d 330 [Tex], holding an option and rent obligation independent although contained in the very same agreement.) The out-of-State authorities cited by the defendants are inapplicable or distinguishable. Detailed analysis would serve no useful present purpose.
DETERMINATION
Despite the seeming superficial appeal of the equitable claim made by the defendant, this court concurs with the rationale of its colleague, Mr. Justice Dontzin (in his prior decision granting a preliminary injunction in this case), and holds that the option herein was an independent covenant exercisable notwithstanding the existence of a default in the rent payment obligation of the lease at the time of exercise. In this case the option agreement is contained in a separate subsequent agreement, and not in a clause which is part of the lease. The terms of the separate option agreement clearly refer to the existing lease relationship, but no specific provision conditions the right of exercise on performance or lack of default in the performance of any lease provision. While the lease and option agreement are products of lay draftsmanship, there is no legal ambiguity in the terms. Even if the lease and *1041 the option agreement were to be treated as part of a single agreement, or were in fact contained in a single document, their construction would be the same. The rent payment obligation and the option provision are independent provisions. They could have been made dependent, but they were not. This court will not now rewrite the agreement.
Parenthetically, it is noted that the spectre raised by the defendants of horrendous illogical consequences of this ruling are exaggerated and unreal. There is little or no possibility of plaintiff beneficially exercising this option at a time when no lease exists due to his noncompliance, or of a forced stock sale at a time of accumulated rent default. By its explicit terms this option agreement is exercisable only during the life of the leasehold. In light of the total relationship of the parties, this court would most likely so construe the instruments even if the language did not so require (see Thompson v Coe, 96 Conn 644).
The late payments of rent, or the existence of a rent-payment default did not automatically terminate this lease. It merely provided the grounds to enable thé defendants to commence a proper proceeding to procure a judicial determination effectuating a lease termination. (Manto v Amalfi, 24 AD2d 528; Woodworth v Harding, 75 App Div 54.) A termination of the leasehold via a judicial determination based upon the rent default would have concomitantly extinguished the option. The defendants herein chose not to exercise this right while the tenant was in default in payment of rent. They finally accepted payment of the accrued rent arrears, and discontinued the pending possessory proceeding. No present default exists which would or should bar this court from exercising its powers to grant equitable relief.
DECISION
The option having been validly exercised, this court orders specific performance of the agreement. Judgment may be entered subject to or containing provisions in compliance with the stipulation provisions relating to procurement of requisite transfer approval from the board of directors of the co-operative corporation, and payment of use and occupancy. Settle judgment.