SHUBERT FOUNDATION, INC., Appellant, v 1700 BROADWAY CO., Respondent.

First Department, January 7, 1992

### APPEARANCES OF COUNSEL

*George Brandon* of counsel *(Richard A. Spehr* and *John C. Nelson* with him on the brief; *Milbank, Tweed, Hadley & McCloy,* attorneys), for appellant.

*James E. Daniels* of counsel *(Thomas J. Malmud* with him on the brief; *Warshaw Burstein Cohen Schlesinger & Kuh,* attorneys), for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

On November 1, 1966, the predecessors in interest of The Shubert Foundation, Inc., a charitable corporation dedicated to the perpetuation of the performing arts, as landlord and fee owner, and 1700 Broadway Co., as tenant, entered into a ground lease for premises covering most of a block in Manhattan, bounded by 7th Avenue and Broadway to the east and west and 53rd and 54th Streets to the north and south, for a period of 23 years and 5 months, beginning November 1, 1966 and expiring March 31, 1990. Eventually, the tenant demolished the existing buildings and constructed a high-rise structure on the site.

Sections 31.01 through 31.04 of the lease provided for three successive 21-year renewal options, as well as a fourth and final renewal option of 11 years. The tenant was required to give "at least eighteen (18) months' and not more than thirty-six (36) months' notice", if it desired to exercise the first renewal option under section 31.01. Section 31.09, however, gave the tenant the option, at any time prior to April 1, 1970, of exercising the first renewal option at an earlier date "and to have a fixed net annual rental established for the first ten (10) years of the first renewal term", if required by the tenant "in order to enable it to obtain a desirable first mortgage and/or construction loan upon this lease from an institution, as defined in this lease". Section 31.09 provided as follows:

"If the Tenant shall require, in order to enable it to obtain a desirable first mortgage and/or construction loan upon this lease from an institution, as defined in this lease, to exercise the first renewal option earlier than as provided in Section 31.01 of this Article and to have a fixed net annual rental established for the first ten (10) years of the first renewal term, then, at any time prior to April 1, 1970, at the Tenant's option and upon thirty (30) days' written notice from the Tenant to the Landlord, the provisions of Section 31.01 of this

Article shall be deemed to be modified by adding thereto the following:

" 'The Tenant may, however, at the Tenant's option, give the Landlord notice prior to April 1, 1970, of the renewal of the term (first renewal term) for a period of twenty-one (21) years beginning with April 1, 1990, at a net annual rental for said first renewal term to be determined at the time and in the manner provided in Section 31.01 of this Article THIRTY-FIRST, but the Tenant shall have the option, which option shall be exercised by notice to the Landlord thereof on or before April 1, 1970, of (a) either paying the net annual rent as determined in accordance with Section 31.01 of this Article, or (b) paying on account of the aforesaid net annual rent for the period commencing April 1, 1990 and ending March 31, 2000, the sum of $216,000 per annum in equal monthly installments.' "

Thus, in addition to providing for an early election of the first renewal option " 'at a net annual rental * * * to be determined at the time and in the manner provided in [s]ection 31.01' ", section 31.09 also afforded the tenant a second option, to be exercised on or before April 1, 1970, of either paying rent in accordance with section 31.01 or of paying a fixed annual rent of $216,000 for the initial 10-year period of the first renewal option, deferring for payment in later years that portion of the annual rent established for that period in accordance with section 31.01 in excess of $216,000. Under section 31.01, the rent during the first renewal term is the higher of the rent payable as of the expiration date of the original term, $207,000 per year, or an appraisal-based rent.

On January 22, 1968, the tenant received a commitment of $16 million for the construction of its high-rise building, then in the planning stage, from The New York Bank for Savings, and sent a letter, dated February 29, 1968, to the landlord notifying it of its exercise of the first renewal option and the rental payment option. The letter, in its entirety, read as follows:

"The undersigned is Tenant under lease dated November 1, 1966 between Trebuhs Realty Co., Inc., Broadway Properties, Inc., 824 Seventh Avenue, Inc. and 265 Tremont Street, Inc., as Landlord, and 1700 Leasehold Corporation, as Tenant, as amended ('Lease'). On January 22, 1968, The New York Bank for Savings issued to the undersigned its permanent commitment in the sum of $16,000,000.00, a copy of which has been

exhibited to you. Pursuant to the terms of said commitment we are required to exercise the first renewal option under the Lease.

"Pursuant to Section 31.09 of the Lease, Tenant exercises its option to modify the provisions of Section 31.01 of the Lease in accordance with the provisions of Section 31.09, and does hereby exercise its first renewal option to extend the term of the Lease for a period of 21 years from April 1, 1990 to March 31, 2011.

"Would you please acknowledge receipt of this modification of lease and notice of exercise by the undersigned of its first renewal option, and that the term of the Lease, subject to the provisions thereof, is extended to and including March 31, 2011, and that the rent during the first renewal period shall be payable in the manner set forth pursuant to Section 31.01, as modified under Section 31.09.

"Very truly yours,

"/s/_____ * * *

"The undersigned Landlord under the Lease, hereby acknowledges receipt of notice from Tenant of the modification of Lease and notice of exercise of its first renewal option under the Lease; and acknowledges that said modification and exercise are valid and effective; that the term of the Lease, subject to the provisions thereof, is now extended to and including March 31, 2011; and that the rent shall be paid in the manner set forth in Section 31.01 as modified under the provisions of Section 31.09.

"/s/_____    /s/_____".

Shubert does not refute the tenant's exercise of the first renewal option under section 31.09 prior to April 1, 1970; it does claim, however, that the tenant never exercised the second option of deferring the payment of a portion of the rent for a 10-year period. As already noted, section 31.09 provides for the exercise of a second option with respect to two payment methods, payment in accordance with section 31.01 (option a) or the deferred payment method (option b).

After commencing this action for a judgment declaring, *inter alia,* that the tenant did not validly exercise the rent payment deferral option and that the lease requires the tenant, during the term of the first renewal, to pay the net annual rent as determined in the manner provided in section

31.01 without deferral of any portion of the payments due, Shubert moved for summary judgment on the first cause of action declaring to that effect. Noting that the tenant failed to indicate, explicitly and unambiguously, that it was exercising the rent payment deferral option, the IAS court found an issue of fact and denied the motion. Shubert appeals. While we agree that Shubert's motion should have been denied, we would go further and, searching the record, award summary judgment to the tenant on the first cause of action.

Shubert argues, citing, e.g., *Cohen v Nonoo* (101 Misc 2d 1037, 1039), that it is well settled that, to be effective, an option, defined as " 'a contract to keep an offer open' " (1 Williston, Contracts § 61A, at 198 [3d ed]), must be exercised clearly and unequivocally and in strict accordance with its terms and that the tenant's notice in this case failed, as a matter of law, to meet that standard. There can be no dispute that the tenant in its February 29, 1968 letter failed to state explicitly that it was exercising the option to defer the rent. While "[t]he general attitude of the courts is to construe the attempt to accept the terms offered under the option strictly" *(id.,* § 61D, at 206), this is not a case, as Shubert would have it, merely of a tenant's notice of exercise of the option. The February 29, 1968 letter by which the tenant exercised its rights was acknowledged and consented to by the landlord's representatives. Indeed, by its acknowledgment, the landlord agreed that the rent "shall be paid in the manner set forth in Section 31.01 as modified under the provisions of Section 31.09." Inasmuch as the rent payment deferral is the only rent modification contained in section 31.09, the February 29, 1968 letter, read fully and fairly, can only be seen as an expression of the parties' mutual understanding that rent "shall be paid" in the modified manner. *(See, Tantleff v Truscelli,* 110 AD2d 240, 244-245, *affd* 69 NY2d 769.) The exercise of the first renewal option, without the exercise of the second option, would, according to section 31.09, be " 'at a net annual rental * * * to be determined at the time and in the manner provided in [s]ection 31.01' ". Thus, the exercise of the first renewal option, without more, would not constitute a modification of the manner of the payment of rent under section 31.01. Neither would the exercise of option (a). Both would result in the payment of rent in accordance with the provisions of section 31.01.

Moreover, it should be noted, if the rent payment deferral option were not being exercised, there would have been no

need to make any reference to the manner of rent payment, much less to the modification of rent under section 31.09, since section 31.01, to which section 31.09 referred as determinative of the rent for the first renewal term, fully provided for the calculation of rent during the first renewal term without the election of either option (a) or (b).

Thus, the tenant's request that the landlord acknowledge that "the rent during the first renewal period shall be payable in the manner set forth pursuant to [s]ection 31.01, as modified under [s]ection 31.09" and the landlord's acknowledgment that "the rent shall be paid in the manner set forth in [s]ection 31.01 as modified under the provisions of [s]ection 31.09" can only be viewed as a manifestation of the tenant's acceptance of the rent deferral option. In that regard, it should be noted, the lease nowhere demanded the use of a particular format or special words to exercise the deferral payment option. While neither the lease nor the February 29, 1968 letter is a model of clarity or precision, the tenant's request and landlord's acknowledgment clearly addressed the subject and complied in all respects with the lease's requirements for the exercise of the option. The landlord's acknowledgment, especially, made without any qualifications, puts to rest any question as to whether the tenant's notice complied with the lease's requirements. Since there is no material issue of fact warranting a trial on the question of the tenant's exercise of the rent payment deferral option and there is no need to resort to extrinsic evidence, that aspect of the case should be summarily decided. *(See, Andre v Pomeroy,* 35 NY2d 361, 364; *Sun Yau Ko v Lincoln Sav. Bank,* 99 AD2d 943, *affd* 62 NY2d 938.)

Although the tenant did not seek summary judgment, contenting itself to resist Shubert's motion for such relief, we are empowered to award the same to it since a summary judgment motion searches the record. (CPLR 3212 [b]; *see, Tele-Pac, Inc. v Grainger,* 168 AD2d 11, 20.) We thus award summary judgment to the tenant and declare in its favor with respect to the first cause of action.

Accordingly, the order of the Supreme Court, New York County (Burton S. Sherman, J.), entered March 21, 1991, denying plaintiff's motion for partial summary judgment, should be modified, on the law, to award summary judgment to defendant on the first cause of action and declare in its favor that the rent payment deferral option contained in section 31.09 of the lease was timely and properly exercised

and, except as thus modified, affirmed, without costs or disbursements.

Milonas, Asch, Kassal and Smith, JJ., concur.

Order, Supreme Court, New York County, entered on March 21, 1991, modified, on the law, to award summary judgment to defendant on the first cause of action and declare in its favor that the rent payment deferral option contained in section 31.09 of the lease was timely and properly exercised and, except as thus modified, affirmed, without costs or disbursements.