■ DAVID MULLANY, Respondent, v DICK MICHAELS, Also Known as RICHARD IPPOLITI, Appellant, et al., Defendant.— Order and judgment (one paper), Supreme Court, New York County (Diane A. Lebedeff, J.), entered July 30, 1991, which, insofar as appealed from, granted plaintiff summary judgment on his first cause of action for payment of the amount due on a promissory note, severed defendant-appellant's claim for attorneys' fees and disbursements, dismissed defendant-appellant's first, second, third and fifth counterclaims, and severed defendant-appellant's fourth counterclaim, unanimously affirmed, with costs.

Defendant-appellant's contention that he was defrauded by plaintiff's failure to disclose certain liabilities of the business plaintiff sold to him is not borne out by the record, which shows that defendant had been responsible for and knowledgeable of the financial affairs of the business since its inception. Indeed, the purchase agreement recited that defendant buyer had been primarily responsible for the fiscal management of the business, had "complete access to its books and records" and therefore "full and complete knowledge of [it]s assets, liabilities, and obligations", and had been "provided with such information as is necessary to evaluate the purchase".

A separate oral agreement to repay loan advances from

inventory sales cannot be engrafted onto the obligation under the note through parol evidence *(see, Backer v Lewit,* 180 AD2d 134, 137).

The counterclaim for reformation of the indemnification provision that was held to be viable, was also properly found not to be so inseparable from plaintiff's action on the note as to justify the withholding of summary judgment on the note *(see, Pease & Elliman v 926 Park Ave. Corp.,* 23 AD2d 361, *affd* 17 NY2d 890; *Maglich v Saxe, Bacon, & Bolan,* 97 AD2d 19, 23-24).

Finally, although plaintiff did not formally move for summary judgment, the IAS Court did not err in granting such relief upon a search of the record, and indeed such may be done even on appeal *(Shubert Found. v 1700 Broadway Co.,* 173 AD2d 126, 131, *lv dismissed* 80 NY2d 826).

We have considered defendant-appellant's other contentions and find them to be without merit.

It is noted that plaintiff's request to amend the judgment so as to reflect the award of attorneys' fees is unnecessary, as the judgment did in fact provide for such fees. Concur—Milonas, J. P., Ellerin, Ross and Asch, JJ.